Separate actions by Mrs. R. O. Tarkington and R. M. Dunston to recover damages for injuries sustained when the automobile in which they were riding, owned and operated at the time by R. O. Tarkington, was struck by or collided with a truck owned by the corporate defendant and operated at the time by its agent and employee, William T. Floyd, it being alleged that the damages in both instances were caused by the negligence or default of the defendants. As both actions arose out of the same circumstances and rest upon the same evidence, they were by consent consolidated and tried as one case.
Proceeding under G.S. 1-240, the original defendants, by plea, cross-action and motion in each case, brought in the driver of the vehicle in which the plaintiffs were riding, as a joint tort-feasor, alleging contributory liability and demanding that he appear and answer the cross-complaint of the defendants, and that their respective rights be determined and enforced in this action.
Responding to the motion and cross-action of the original defendants, R. O. Tarkington, the owner and driver of the automobile in which the plaintiffs were riding, filed plea in bar and moved to dismiss the cross-action against him on the ground that in a previous action entitled "R. O. Tarkington v. Rock Hill Printing Finishing Company and W. T. Floyd," involving the same collision, the issues of negligence, contributory negligence and property damage, as between the then parties litigant, *Page 356 
were submitted to a jury and determined in favor of the plaintiff therein. No appeal was prosecuted in the case. This being conceded, the motion to dismiss the cross-action was allowed and the original defendants noted an exception.
The trial then proceeded between the plaintiffs and the original defendants. The record discloses that on the afternoon of 19 February, 1947, the corporate defendant's truck driven by the individual defendant was traveling in a westerly direction on Highway No. 27, between Albemarle and Charlotte, at a speed of 35 or 40 miles an hour. Following and traveling in the same direction was R. O. Tarkington, driving his Oldsmobile Sedan, with his wife, Mrs. R. O. Tarkington, and R. M. Dunston, all sitting on the front seat. As the two vehicles approached an intersecting highway, about five miles from Charlotte, the driver of the Tarkington car started around the truck and speeded up in order to pass. The driver of the truck, evidently intending to make a left turn into the intersecting highway, pulled to his left across the centerline of the highway which caused the bumper of the truck to strike the fender of the sedan, and a collision ensued. The Tarkington car was damaged and each of the plaintiffs sustained serious and permanent injuries.
The evidence is conflicting as to who was to blame for the accident or collision. Issues of negligence and damages were submitted to the jury, and answered in favor of the plaintiffs, the damages in Mrs. R. O. Tarkington's case being assessed at $16,000, and in the Dunston case at $7,000. From judgments on the verdicts, the defendants, Rock Hill Printing Finishing Company and William T. Floyd, appeal, assigning errors.
We have here for consideration, (1) the ruling on the plea in bar of the alleged joint tort-feasor, (2) the competency of evidence, (3) the argument of counsel to the jury, and (4) the correctness and adequacy of the charge.
1. The Plea in Bar of Alleged Joint Tort-feasor: The corporate defendant and the driver of its truck, by plea, cross-action and motion in each case, had the driver of the automobile in which the plaintiffs were riding, brought in as an alleged joint tort-feasor, for the purpose of enforcing contribution of his proportionate part of any recovery which the plaintiffs might obtain in these actions. The driver of the automobile, thus brought in, interposed a plea in bar to the maneuver of the original defendants on the ground that in a prior action wherein he was *Page 357 
plaintiff and they defendants, the jury exculpated him from any contributors liability for the collision in suit. The judgment in that case showing the jury's answers to the issues of negligence, contributory negligence and property damage, was before the court on the hearing of the plea, and there was no challenge to its significance or correctness. This judgment contains the recital that as between the parties then before the court, the plaintiff was not contributorily negligent or properly chargeable by the defendants therein with any joint tort-feasorship. Charnock v. Taylor, 223 N.C. 360, 26 S.E.2d 911.
It is true that the right of one joint tort-feasor to enforce contribution against another is said to spring from the plaintiff's suit, and the present action was not then before the court. This right of contribution, however, projects itself beyond the plaintiff's suit, and is not dependent upon the plaintiff's continued right to sue both or all the joint tort-feasors. Godfrey v. Power Co., 223 N.C. 647, 27 S.E.2d 736. It is the joint tort and common liability to suit which gives rise to the right to "enforce contribution" under the statute. G.S. 1-240. The prior suit as between the then parties litigant determined the question whether the driver of the automobile was contributorily negligent or a joint tort-feasor with the owner and driver of the truck in bringing about the collision. Hence, as between the parties there litigant, this matter would seem to be res judicata. Cannon v. Cannon, 223 N.C. 664,28 S.E.2d 240; 30 Am. Jur. 908, et seq. But, of course, the judgment there would not be binding on the plaintiffs here. They were not parties to that suit, and they are entitled to pursue their rights in their own way. Meacham v. Larus Bros. Co., 212 N.C. 646, 194 S.E. 99; Anno. 133 A.L.R. 185.
The appellants contend, therefore, that as the judgment in the prior action between the owners and drivers of the two vehicles is not binding on the plaintiffs here, who were passengers in the Tarkington car, they, the appellants, are entitled to have the issue of joint liability as between themselves and the new defendant determined in the present suit. Meacham v. Larus Bros. Co., supra; Neenan v. Transp. Co., 261 N.Y. 159,184 N.E. 744; Anno. 133 A.L.R. 181. The conclusion is a non sequitur. The issue of contributory liability as between the defendants has already been determined. Solicitude for the rights of the plaintiffs, which they may elect not to pursue, gives the defendants no cause of action. The right to contribution comes from the Act of Assembly, and it is to be enforced secundum formam statuti — "according to the form of the statute." Hoft v. Mohn, 215 N.C. 397, 2 S.E.2d 23.
The procedure of the original defendants in bringing in the driver of the Tarkington car as an alleged joint tort-feasor, is quite permissible, Freeman v. Thompson, 216 N.C. 484, 5 S.E.2d 434, but here they were *Page 358 
met at the threshold with a plea in bar as between themselves and the new defendant, and the plaintiffs have refused to join them in their allegation of joint tort-feasorship. Hence, they were left to their own resources as against the new defendant, who exhibited a judgment showing that the allegation of his contributory liability had already been tried out in an action between them.
The statute gives to one joint tort-feasor, who is sued, the right to bring in others jointly liable with him and to require them to contribute proportionately to the payment of any judgment which the plaintiff may recover, but this would not include the right to step into the plaintiff's shoes and prosecute any claim which he might have against them. The right here sought to be enforced is one of contribution, and not one of subrogation. Charnock v. Taylor, supra.
Moreover, the plaintiffs have elected not to sue the driver of the Tarkington car. They have alleged no cause of action against him, and can take no judgment against him. Pascal and Lambert v. Burke Transit Co., 229 N.C. 435, 50 S.E.2d 534; Wilson v. Massagee, 224 N.C. 705,32 S.E.2d 335, 156 A.L.R. 922. And even if they had sued the driver of the Tarkington car along with the present defendants and recovered against all on issues of joint and several liability as to them, this would have presented no more than a case of contrary verdicts by different juries and opposing judgments, such as were before the Court in Neenan v. Transp. Co., supra, cited by the appellants. This is not our case.
There was no error in sustaining the plea in bar.
2. Exceptions to Admission of Evidence: Over objection of defendants, the driver of the Tarkington car was allowed to state that he would have passed the defendant's truck several feet before reaching the highway intersection, if the truck had not pushed him off the road. It is the contention of the appellants that this was a conclusional assertion of the witness and necessarily invaded the province of the jury. Tyndall v. Hines Co., 226 N.C. 620, 39 S.E.2d 828. The statement, we think, falls more nearly under the ruling in Myers v. Utilities Co., 208 N.C. 293,180 S.E. 694, where on a similar objection, the testimony of the witness was characterized as a "shorthand statement of the fact," Hudson v. R.R., 176 N.C. 488, 97 S.E. 388, or as "the statement of a physical fact rather than the expression of a theoretical opinion," and hence unobjectionable. Burney v. Allen, 127 N.C. 476, 37 S.E. 501. The exception appears insubstantial.
3. Argument of Counsel to the Jury: Over objection of defendants, counsel for plaintiffs in his argument to the jury, was allowed to comment on the prior suit between R. O. Tarkington and the defendants, and to call their attention to the fact that "this jury has no interest in any law suit that has been, or may be, between Mr. Tarkington and the *Page 359 
defendants. . . . We aren't trying any lawsuit that Mr. Tarkington has any interest in. . . . It appears to me that counsel for the defendants thinks we are trying a lawsuit between Mr. Tarkington and the defendants. . . . I say that lawsuit has been tried, and has been disposed of, and is not before this jury."
It is the contention of the defendants that there was no evidence offered on the hearing to support this argument. This may be conceded. The facts stated do appear in the pleadings, however, and they were read to the jury. 53 Am. Jur. 393. Moreover, R. O. Tarkington was brought into the case by the defendants, and his plea in bar was fully argued to the court in the presence of the jury. So, the jury was well aware of what counsel was saying, and to which the defendants objected. The argument seems to have been in reply to some contention advanced by the defendants. But however this may be, it appears harmless in the light of the record. Hodges v. Wilson, 165 N.C. 323, 81 S.E. 340. There was nothing significant in the argument which the jury had not already heard from defendants' counsel in their argument on the plea in bar. The exception seems feckless.
4. The Correctness and Adequacy of the Charge: The appellants have pressed their exceptions to the charge with assurance and manifest confidence.
At the beginning of the court's instructions on the amount of damages, if any, to be awarded, it was said: "Now, that, gentlemen of the jury, is a question which rests solely within your discretion." Exception.
The court then proceeded to call the jury's attention to the evidence in the case, and for their guidance, stated the rule of admeasurement correctly, and concluded as follows: "And finally, in other words, gentlemen of the jury, the matter rests entirely within your discretion and in the bounds and under the instructions which the court has endeavored to give you." Exception.
It must be conceded that the opening and concluding sentences of the instructions on the issue of damages were infelicitous, and but for the intervening correct application of the rule, the decisions in Mooney v. Mull, 216 N.C. 410, 5 S.E.2d 122, and Brewington v. Loughran,183 N.C. 558, 112 S.E. 257, would probably be controlling. Construing the charge contextually, however, or in the same connected way in which it was given to the jury, i.e., as a whole, the conclusion is reached that no reversible error has been shown. The interpretation finds support in the last sentence where the discretion of the jury is confined to "the bounds and under the instructions" theretofore given. The court had previously told the jury that it was not within their province "to take money from one person and give it to another. It is only within the province of a jury to award to another person such damages, if any, as the law *Page 360 
sanctions and provides." Similar interrelated references in the charge were upheld in S. v. Creech, 229 N.C. 662, 51 S.E.2d 348.
Again, exception is taken to the use by the court of imaginary scales in defining what is meant by "the greater weight of the evidence." The illustrative use follows: "You take the evidence as you sift it out and find out, discover the truth and what you will accept as being the truth in the case for the plaintiffs and put that in one pan on this imaginary scale. You take the testimony as offered here in this case of the defendants, both from cross-examination of the witnesses and direct examination, and having taken that testimony which you consider as being the truth in the matter with reference to certain issues or matters, and place that into the scale of the defendant, and if then, having done so, when you come to decide on the issues of fact, if those pans are equally balanced and remain equally balanced, why then the plaintiffs, by reason of our law, have failed to satisfy you by the greater weight of the evidence and the plaintiffs' contentions would not prevail."
The appellants seem to think that this instruction confined the evidence to be placed on their side of the scales to "the testimony offered by them," and excluded any testimony favorable to them from plaintiffs' witnesses. The interpretation is regarded as too restrictive. The instruction includes all testimony, offered or elicited. We think the illustration will do, though as usual, figurative language, like rhetoric, invites scrutiny to make sure of its trueness. Clarity and precision are the goals to be sought in the court's charge to the jury. Lewis v. Watson, 229 N.C. 20,47 S.E.2d 484. The rounded sentence or rhythmic phrase must often be sacrificed to the accurate expression, for in the law the exact word at the right time and in the right place is the "word fitly spoken" (Prov. 25 :11). of course, the polished phrase is always in order.
As a dernier ressort, the defendants stressfully contend that on the issue of liability, the court failed to "state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon," as required by G.S. 1-180. Yarn Co. v. Mauney, 228 N.C. 99,44 S.E.2d 601. Again, considering the charge contextually, and not disjointedly, we think it sufficiently covers the case to withstand the challenge of inadequacy, and this without any expression of opinion on the facts. Wells v. Burton Lines, 228 N.C. 422, 45 S.E.2d 569.
Viewing the record in its entirety, the conclusion is reached that the verdicts and judgments should be upheld.
No error. *Page 361