CAROL POWELL v. J. H. INGRAM, JR., BERNARD CARROLL and WILLIS .V. SANDERS;

and

CHARLES STANCELL v. J. H. INGRAM, JR., BERNARD CARROLL and WILLIS V. SANDERS.

(Filed 2 February, 1950.)

**Torts § 5: Judgments § 32—**

> Where plaintiffs seek no relief from a party joined as a defendant by the original defendants for the purpose of contribution under G.S. 1-240, the liability of such defendant to plaintiffs is not at issue on the trial, and judgment for the original defendants does not preclude plaintiffs from later suing the party so joined.

APPEAL by plaintiffs from *Nimocks, J.,* and a jury, at the May Term, 1949, of DURHAM.

The plaintiffs brought separate actions against Ingram and Carroll for damages for personal injuries suffered in a collision involving three motor vehicles, to wit: passenger automobiles driven by Ingram and Carroll, and a truck operated by Sanders. Upon application of Ingram and Carroll, Sanders was made a party defendant in each case for the purpose of contribution under G.S. 1-240. The plaintiffs sought no relief, however, as against Sanders. By consent. of all parties, the two actions were consolidated for trial and judgment, and appropriate issues

were submitted to the jury, who found that the plaintiffs were not injured by actionable negligence on the part of Ingram and Carroll, or of either of them. Judgment was entered on the verdict exonerating Ingram and Carroll, and the plaintiffs excepted and appealed, assigning errors.

*John T. Manning and Egbert L. Haywood for plaintiffs, appellants.*
*Spears & Hall for the defendant, John T. Ingram, Jr., appellee.*
*T. Lacy Williams and Fuller, Reade, Umstead & Fuller for defendant, Bernard Carroll, appellee.*

PER CURIAM. A careful consideration of the record and case on appeal leaves us with the firm conviction that the trial in the court below conformed to all applicable legal principles. As no error in law appears, the verdict and judgment must be upheld. The question of the liability of Sanders to the plaintiffs was not at issue on the trial, and in consequence the judgment does not preclude the plaintiffs from suing Sanders in case they desire to do so.

No error.