MONTINE C. STANSEL, ADMINISTRATRIX OF MABEL R. HARGROVE, DECEASED, v. J. C. McINTYRE, DOING BUSINESS AS TEXTILE MOTOR FREIGHT, AND CHARLES EDWARD ADCOCK (ORIGINAL PARTIES DEFENDANT) AND JAMES H. AUSTIN AND MRS. JAMES H. AUSTIN (ADDITIONAL PARTIES DEFENDANT).

(Filed 30 January, 1953.)

**1. Automobiles § 18a: Torts § 5—**

A truck and a car collided. In the suit by the administratrix of a passenger in the car, who was fatally injured in the collision, against the owner and operator of the truck, the defendants are entitled to have the driver of the car joined as a codefendant for contribution, together with her husband upon the theory that he was liable for her negligence under the family car doctrine, but it is incumbent upon them to allege and prove that the driver of the car was guilty of negligence which concurred in producing the injury. G.S. 1-240.

**2. Pleadings § 19c—**

A demurrer admits the truth of the facts properly alleged in the pleading.

**3. Judgments § 32—**

Ordinarily, in order for a judgment to constitute an estoppel there must be identity of parties, of subject matter and of issues, and it is required further that the estoppel be mutual.

**4. Same—**

A judgment constitutes an estoppel only between the parties thereto and their privies.

**5. Same: Automobiles § 21: Torts § 5: Pleadings § 31—Prior judgment between owners of vehicles involved in collision held properly pleaded by one of them in subsequent action by administratrix of passenger in car.**

In an action by the owner and operator of a truck against the driver of the car involved in a collision with it, in which the driver of the car filed a counterclaim, it was adjudged that neither was entitled to recover because of the jury's finding that the driver of the car was guilty of negligence constituting a proximate cause of the accident. In this action by the administratrix of a passenger in the car against the owner and operator of the truck, these defendants had the driver of the car joined as a codefendant under G.S. 1-240, and alleged the prior judgment as constituting *res judicata*. *Held:* The prior judgment was properly pleaded since as between these defendants and the driver of the car it constituted *res judicata* upon the issue of the actionable negligence of the driver of the car, and motion to strike such averments and demurrer thereto were properly denied. Further, it would seem that such prior judgment would be *res judicata* on that issue as against the husband of the driver of the car, sought to be held liable for her negligence under the family car doctrine.

**6. Automobiles § 25—**

The family purpose doctrine obtains in North Carolina.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendants Austin from *Morris, J.,* at October Civil Term, 1952, of ROBESON.

Civil action instituted 16 December, 1949, by Montine C. Stansel, Administratrix of Mabel R. Hargrove, deceased, against J. C. McIntyre, doing business as Textile Motor Freight, and Charles Edward Adcock, driver of McIntyre's truck and trailer, to recover damages for the alleged wrongful death of Mabel R. Hargrove, heard upon motion of defendants Austin to strike, and upon demurrer of defendants Austin to the third further answer and defense of defendants McIntyre and Adcock.

The action arose out of a collision on 16 August, 1949, on U. S. Highway 74, near Polkton, Anson County, North Carolina, between a truck and trailer owned by defendant McIntyre and operated by defendant Adcock, traveling in eastern direction, and an automobile operated by Mrs. James H. Austin, in which plaintiff's intestate, Mrs. Hargrove, was a passenger, traveling in western direction. Mrs. Hargrove died as a result of the collision. The complaint of plaintiff filed in the action alleges various acts of negligence on the part of defendants McIntyre and Adcock as proximate cause of the collision and consequent injury to and death of Mrs. Hargrove.

The defendants McIntyre and Adcock, answering, denied the allegations of negligence set out in the complaint, and, as a further answer and defense, and in bar of right of plaintiff to recover herein, averred that Mrs. James H. Austin, driver of the automobile in which Mrs. Hargrove was a passenger, was negligent, and that her negligence was the sole proximate cause of the injuries to and death of Mrs. Hargrove.

And for a second further answer and defense and as a cross-action under G.S. 1-240 against James H. Austin and his wife, Mrs. James H. Austin, defendants McIntyre and Adcock set up claim for contribution from Mrs. Austin and her husband, as alleged joint tort-feasors. And these defendants aver, in substance, that the automobile in which Mrs. Hargrove was riding was owned by James H. Austin, and maintained by him as a family purpose car, and that it was being operated as such by Mrs. Austin at the time of the collision here involved, and they move that the Austins be, and they were named additional defendants, and served with process.

Thereafter, the Austins filed answer denying in material aspect the averments so made against them, and averred sole negligence in various aspects on part of defendants McIntyre and Adcock proximately causing the injury to and death of Mrs. Hargrove. And in paragraph 14 the Austins averred that the answering defendant, Mrs. James H. Austin, had previously in an action, which was then pending in Superior Court of Scotland County, made claim against defendants McIntyre and Adcock for $100,000 for the injuries sustained by her in said collision.

In this connection, prior to the institution of the present action, defendants McIntyre and Adcock had sued Mrs. Austin in Scotland County for recovery of damages for property damage and personal injuries, respectively, arising out of the same collision, and Mrs. Austin had there filed a counterclaim seeking to recover damages for her personal injuries.

These Scotland County actions were twice before the Supreme Court, as reported in 232 N.C. 189 and 235 N.C. 591, and were pending at the time the Austins filed answer in the present case.

Subsequently a trial was had in the Scotland County cases, and the cases consolidated for purpose of trial were submitted to the jury upon appropriate issues, and upon verdict returned judgment was rendered in Superior Court, and, on appeal, affirmed by Supreme Court. See 235 N.C. 591.

Thereafter defendants McIntyre and Adcock, by permission of the court, filed herein an amendment to the answer filed by them in this action, and for said amendment averred, for a third answer and defense, the matters of record constituting the judgment rolls in the Scotland County cases, above referred to, pleading and attaching copies of complaints, answers and issues submitted to and answered by the jury, and

the judgments of the court constituting same, as a bar to the plea of defendant Mrs. James H. Austin that the death of plaintiff's intestate, Mrs. Hargrove, was due solely to the negligence of these answering defendants, and that said defendant Mrs. Austin was in no way negligent; and that the judgments of the court in said actions are *res judicata* of the issue as to whether the negligence of defendant Mrs. James H. Austin was one of the proximate causes which contributed to the injuries to plaintiff's intestate, resulting in her death. Wherefore, these answering defendants pray judgment in accordance with these averments.

In this connection, it appears that of the issues submitted to the jury in the Scotland County actions, these were answered by the jury as shown:

"1. Was the plaintiff J. C. McIntyre and the plaintiff Charles E. Adcock injured and damaged by the negligence of the defendant, Mrs. James H. Austin, as alleged in the complaint? Answer: No.

"4. Was the defendant Mrs. James H. Austin injured and her property damaged by the negligence of the plaintiffs, as alleged in the cross-actions? Answer: Yes.

"5. Did the defendant, Mrs. James H. Austin, by her own negligence contribute to her injury and damage as alleged in the replies? Answer: Yes"; and that upon this verdict of the jury the court entered judgment in each of the Scotland County actions adjudging that plaintiff recover nothing of defendant and that defendant recover nothing of plaintiff.

The defendants Austin moved the court to strike from the record the third further answer and defense set out in the amendment to answer of defendants McIntyre and Adcock, for that "A. The facts therein set forth are irrelevant and immaterial to the matters at issue herein, and are highly prejudicial" to movants, and "B. The allegations of paragraphs 1, 2 and 3 of said third further answer and defense do not constitute a proper plea to be made by answer or amendment to answer, they being, if any plea, a reply to the answer of the defendants Austin to the original answer of the defendants McIntyre and Adcock."

And the defendants Austin demur to the third further answer and defense of defendants McIntyre and Adcock, and for their cause of demurrer show:

"(A) That paragraphs 1, 2 and 3 of said Third Further Answer and Defense, wherein those defendants purport to plead a plea in bar to the demurring defendants' plea that the death of plaintiff's intestate was due to the sole negligence of the defendants, McIntyre and Adcock, do not set forth facts sufficient to constitute a defense nor a plea in bar nor to entitle said defendants, McIntyre and Adcock, to the relief demanded, for that the facts, records and judgments therein pleaded do not constitute an adjudication that the negligence of the defendant, Mrs. James H.

Austin, was one of the proximate causes of the death of plaintiff's intestate, and are not *res judicata* to that effect."

The cause came on for hearing at October Civil Term, 1952, of Superior Court of Robeson, upon the motion and the demurrer of the defendants Austin as above set forth, and, after consideration thereof, the court, being of opinion that both should be disallowed, ordered that said motion to strike be, and it is denied, and said demurrer is overruled.

To this order defendants Austin except, object, and appeal to Supreme Court and assign error.

*Smathers & Carpenter, McLean & Stacy, and James B. Mason for defendants, appellees.*

*McKinnon & McKinnon for defendants, appellants.*

WINBORNE, J. Appellants assign as error the rulings of the trial court (1) in denying their motion to strike, as irrelevant, immaterial and prejucial, the "third further answer and defense" which by permission of court was filed by the original defendants, McIntyre and Adcock, as an amendment to their answer, and (2) in overruling their demurrer to the "third further answer and defense" of original defendants, for that the matters averred do not constitute an adjudication that the negligence of Mrs. Austin was one of the proximate causes of the death of plaintiff's intestate, Mrs. Hargrove, and, hence, are not *res judicata* to that effect.

However, in the light of the provisions of the statute G.S. 1-240, formerly C.S. 618 as amended, and of pertinent decisions of this Court, error in these respects is not made to appear.

It is provided by this statute, G.S. 1-240, that in an action arising out of a joint tort wherein judgment may be rendered against two or more persons or corporations, who are jointly and severally liable, and only one, or not all of the joint tort-feasors are made parties defendant, those tort-feasors made parties defendant may, at any time before judgment is obtained, upon motion, have the other such joint tort-feasors brought in and made parties defendant in order to determine and enforce contribution. *Freeman v. Thompson*, 216 N.C. 484, 5 S.E. 2d 434; *Godfrey v. Power Co.*, 223 N.C. 647, 27 S.E. 2d 736; *Wilson v. Massagee*, 224 N.C. 705, 32 S.E. 2d 335; *Evans v. Johnson*, 225 N.C. 238, 34 S.E. 2d 73; *Pascal v. Transit Co.*, 229 N.C. 435, 50 S.E. 2d 534; *Tarkington v. Printing Co.*, 230 N.C. 354, 53 S.E. 2d 269; *Herring v. Coach Co.*, 234 N.C. 51, 65 S.E. 2d 505.

In the *Evans* case, *supra*, opinion by *Devin, J.*, now *Chief Justice*, decisions of this Court in reference to provisions of G.S. 1-240 are summarized in this manner: "The purpose of the statute is to permit defendants in tort actions to litigate mutual contingent liabilities before they

have accrued . . . so that all matters in controversy growing out of the same subject matter may be settled in one action . . . though the plaintiff in the action may be thus delayed in securing his remedy."

Moreover, this Court has held that where a plaintiff in a tort action does not demand any relief against an alleged joint tort-feasor brought into the action, on motion of the original defendant, pursuant to the provisions of G.S. 1-240, the burden is upon the original defendant to prove his cross-action for contribution. *Pascal v. Transit Co., supra.*

And in the case in hand, the original defendants, McIntyre and Adcock, having invoked the aid of this statute, G.S. 1-240, for the purpose of determining and enforcing contribution, as between them and Mrs. Austin, have the burden of alleging and proving facts constituting her a joint tort-feasor with them in respect to the collision between the truck and trailer owned by defendant McIntyre and operated by defendant Adcock, and the automobile operated by Mrs. Austin in which it is alleged by plaintiff Mrs. Hargrove was then a passenger and sustained injuries resulting in death. Such controversy is between the original defendants, McIntyre and Adcock, on one hand, and Mrs. Austin on the other, authorized to be injected in the plaintiff's action, to the end that settlement of the whole controversy be had in a single action. *Gaffney v. Casualty Co.*, 209 N.C. 515, 184 S.E. 46; *Freeman v. Thompson, supra; Godfrey v. Power Co., supra.*

In the light of this statute, G.S. 1-240, and these principles applied to the factual situation in hand, it would seem that the matters sought to be stricken are both material and relevant to the cross-action of the original defendants against Mrs. Austin.

Therefore, admitting the truth of the facts averred in the "third further answer and defense," pleaded by the original defendants, as is done when the sufficiency of a pleading to state a cause of action is challenged by demurrer, this question arises: Is the judgment in the Scotland County actions determinative of the question as to whether or not Mrs. Austin was a joint tort-feasor with McIntyre and Adcock in respect to the same collision there involved when it becomes the subject matter of another tort action instituted by a plaintiff who was not a party to the Scotland County case? Bearing in mind that the controversy here as to right to contribution, within the provisions of G.S. 1-240, is one between McIntyre and Adcock, on one hand, and Mrs. Austin on the other, who were the parties to the Scotland County cases, settled principles of law dictate an affirmative answer. See *Armfield v. Moore*, 44 N.C. 157; *Crawford v. Crawford*, 214 N.C. 614, 200 S.E. 421; *Gibbs v. Higgins*, 215 N.C. 201, 1 S.E. 2d 554; *Leary v. Land Bank*, 215 N.C. 501, 2 S.E. 2d 570; *Current v. Webb*, 220 N.C. 425, 17 S.E. 2d 614; *Cannon v. Cannon*, 223 N.C. 664, 28 S.E. 2d 240; *Craver v. Spaugh*, 227 N.C. 129,

41 S.E. 2d 82; *Tarkington v. Printing Co., supra; King v. Neese,* 233 N.C. 132, 63 S.E. 2d 123; *Herring v. Coach Co., supra; Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805; *Coach Co. v. Stone,* 235 N.C. 619, 70 S.E. 2d 673.

Generally to constitute a judgment an estoppel there must be identity of parties, of subject matter, and of issues. And it is elementary that the estoppel of a judgment must be mutual, and "ordinarily the rule is that only parties and privies are bound by a judgment." See *Leary v. Land Bank, supra.*

Moreover, in *Current v. Webb, supra,* the Court, quoting from 2 Freeman on Judgments, Sec. 670, states: " 'There is no doubt that a final judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, wherever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes incidentally in question in relation to a different matter, in the same or any other court.' "

And, continuing in the *Current case,* " 'It is not necessary that precisely the same parties were plaintiffs and defendants in the two suits; provided the same subject in controversy, between two or more of the parties, plaintiffs and defendants in the two suits respectively, has been in the former suit directly in issue, and decided.' " See other cases cited, including *Leary v. Land Bank, supra.*

And in the *Tarkington case, supra,* Stacy, C. J., speaking in respect to a similar situation, stated the principle as follows: "The prior suit as between the then parties litigant determined the question whether the driver of the automobile was contributorily negligent or a joint tortfeasor with the owner and driver of the truck in bringing about the collision. Hence, as between the parties there litigant, this matter would seem to be *res judicata,*" citing *Cannon v. Cannon, supra.*

And in *Herring v. Coach Co., supra,* another case similar to the one in hand, opinion by Devin, J., it is declared: "The rule seems to have been established that when in a cross-action by the defendant against an additional defendant for contribution as joint tort-feasor, it appears that in a previous action between them it had been determined that the additional defendant had not been contributorily negligent, the question could not again be raised in a suit between the same parties," citing the *Tarkington, Cannon* and *Current cases, supra.*

Conversely, the rule applies to the factual situation instantly presented where in the previous suit it has been determined that the additional defendant had been contributorily negligent, the question may not again be raised in a controversy between the same parties.

Finally, while the "third further answer and defense" under consideration expressly relates to Mrs. James H. Austin, and not to James H.

Austin, appellants in their brief call attention to the fact that McIntyre and Adcock in their joint answer aver that James H. Austin was the owner of the automobile and responsible under the family purpose doctrine. And it is asserted that "as a party to the matters in question for the first time he is clearly entitled to have a full trial of all matters alleged," and that "the allegations of the Scotland cases as to him are prejudicial to his defense of the case and are no bar to his right to plead such defenses as he has." As to this, it may be conceded that the question is not presented by this appeal, but if it were presented, the position taken by appellants may not be conceded to be tenable. The family purpose doctrine with respect to automobiles obtains in North Carolina. See *Ewing v. Thompson,* 233 N.C. 564, 65 S.E. 2d 17, and among other cases see *Robertson v. Aldridge,* 185 N.C. 292, 116 S.E. 742. Hence, if it be found that the automobile in question was owned and maintained by James H. Austin, and was being operated by Mrs. Austin, all within the family purpose doctrine, *quaere,* is he, James H. Austin, under the principle of *respondeat superior,* estopped by the judgment on the verdict in the Scotland County cases in respect to the issues on which original defendants now seek contribution from Mrs. Austin? Compare *Leary v. Land Bank, supra.*

Affirmed.

PARKER, J., took no part in the consideration or decision of this case.