W. H. M. JENKINS v. WASHINGTON CORTEZ FOWLER AND MRS. SALENA FOWLER COLEY.

(Filed 6 November, 1957)

1. **Judgments § 32—Adjudication that party was not guilty of actionable negligence is res judicata on that issue in subsequent action.**

> Where the passenger in one car sues the driver of the other car involved in the collision, and the driver of that car has the owner and driver of the passenger's car joined for contribution, in which action it is determined by verdict of the jury that the owner and driver of the car in which the passenger was riding was not guilty of negligence constituting a proximate cause of the accident, and judgment is entered that the defendant therein recover nothing on the cross-action for contribution, such judgment is conclusive as to the issues therein determined and precludes the defendant therein from thereafter instituting action against the owner and driver of the other car to recover for alleged negligence proximately causing the same accident.

2. **Judgments § 35: Trial § 21—**

It is the duty of the court to allow motion for judgment as of nonsuit when all the evidence fails to establish a right of action on the part of plaintiff, and also when it affirmatively appears from the evidence as a matter of law that plaintiff is not entitled to recover, and therefore where the defendant's affirmative proof discloses that plaintiff's cause of action is barred under the doctrine of *res judicata*, nonsuit is proper.

APPEAL by plaintiff from *Hall, J.*, April 1957 Term of FRANKLIN.

Plaintiff seeks by this action compensation for personal injuries and damage to his automobile resulting from a collision between the automobile owned and operated by plaintiff and an automobile operated by defendant Coley as agent of the owner, defendant Fowler, which collision was alleged to be due to the negligence of defendants.

Defendants answered. They denied they were negligent and pleaded contributory negligence. Thereafter, defendants, acting under G.S. 1-167, filed a supplemental answer pleading in bar of plaintiff's right to recover an adjudication of the matters in controversy as disclosed by the record in an action lately pending in the Superior Court of Granville County by *Mrs. Fannie Franklin Fowler versus W. H. M. Jenkins,* the original defendant, and W. Cortez Fowler and Mrs. Selena Fowler Coley, made additional defendants on motion of the original defendant for contribution, if he should be adjudged liable to plaintiff.

At the trial defendants offered in evidence the judgment roll in the action referred to in their answer.

At the conclusion of the evidence defendants moved for judgment of nonsuit. This motion was allowed and judgment was entered accordingly. Plaintiff, having duly noted his exception, appealed.

*Royster & Royster for plaintiff appellant.*
*Reade, Fuller, Newsom & Graham and Gantt, Gantt & Markham for defendant appellees.*

RODMAN, J. Plaintiff offered evidence tending to establish the allegations of negligence as set out in the complaint. Defendants offered evidence tending to negative plaintiff's allegations of negligence. Defendants also offered the record in the Granville County action pleaded as an estoppel.

That was an action brought by Mrs. Fannie Fowler, mother of the present defendants, to recover damages from Jenkins, the present plaintiff, for personal injuries sustained in the collision forming the basis of the present action. Mrs. Fowler

JENKINS v. FOWLER.

alleged that she was a passenger in the car of her son, Washington Cortez Fowler, operated at the time by Mrs. Coley; that her injuries were due to the negligence of the defendant Jenkins, present plaintiff. Jenkins answered. He denied any negligent conduct proximately causing the collision. He asserted that the collision was caused by the sole negligence of Mrs. Coley who was operating her brother's car as his agent. He then averred that if, in fact, he was negligent, Mrs. Coley and her principal were joint *tortfeasors* from whom he was entitled to contribution. On his motion, the defendants in this action were made additional parties to the Granville County suit. The additional defendants answered. They denied the allegations of negligence asserted by the then defendant Jenkins. The cause was tried at the October 1956 Term of Granville. The jury answered the issue as to Jenkins' negligence in the affirmative and fixed the amount of Mrs. Fowler's damages. In addition, an issue was submitted and answered thus: "Was the defendant, Mrs. Salena Fowler Coley, negligent and did her negligence concur with the negligence of the defendant, Jenkins, and contribute to the injuries of the plaintiff, Mrs. Fannie Franklin Fowler, as alleged in the answer of the defendant, Jenkins? Answer: No." Judgment was entered in accord with the verdict that Mrs. Fowler recover of Jenkins the damage assessed by the jury. It was further adjudged: "that the defendant W. H. M. JENKINS, have and recover nothing of the defendants, W. Cortez Fowler and Mrs. Salena Fowler Coley, by reason of his action for contribution against them, which alleged cause of action is set out in the answer of the said defendant, Jenkins, and that the defendant Jenkins be taxed by the Clerk with the costs of his action against the said defendants, W. Cortez Fowler and Mrs. Salena Fowler Coley." Jenkins noted an appeal from the judgment so entered. His appeal was dismissed in March 1957.

When the present defendants were, at the instance of the present plaintiff, made defendants in the Granville County action, Jenkins became as to them a plaintiff with the burden of establishing their negligence. *Norris v. Johnson,* 246 N.C. 179. The foundation of the claim then asserted is identical with the facts asserted to form the basis of the present claim. A jury has heard the facts, determined them adversely to the present plaintiff, and judgment has been entered on that verdict. This judgment is conclusive and prevents further inquiry into the facts forming the basis of the present action. *Thompson v. Lassiter,* 246 N.C. 34; *Stansel v. McIntyre,* 237 N.C. 148, 74 S.E. 2d 345; *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805; *Herring v. Coach Co.,* 234 N.C. 51, 65 S.E. 2d 505; *Tarkington v. Printing*

*Co.,* 230 N.C. 354, 53 S.E. 2d 269; *Crawford v. Crawford,* 214 N.C. 614, 200 S.E. 421; *Bryant v. Shields,* 220 N.C. 628, 18 S.E. 2d 157; *Gay v. Stancell,* 76 N.C. 369.

The judgment roll in the prior action having been offered in evidence, it became the duty of the court on a proper motion to again enter a judgment denying plaintiff's right to recover from defendants.

Is a motion to nonsuit, made at the conclusion of the evidence, a proper method of disposing of the case? The answer is yes.

At common law a defendant could test the sufficiency of the evidence to permit a recovery by demurrer to the evidence. If the court should overrule the demurrer, defendant could not offer evidence. *Stith v. Lookabill,* 71 N.C. 25; *S. v. Adams,* 115 N.C. 775; *S. v. Groves,* 119 N.C. 822.

"A demurrer to evidence withdraws a case from the jury, and it is laid down in Tidd, 865, that when the evidence is in writing, or if parol, is certain, the adverse party will be required to join in the demurrer; but when the parol evidence is loose and indeterminate or is circumstantial, he will not be required so to do, unless the party demurring will distinctly admit upon the record every fact and every conclusion which the evidence offered conduces to prove." *Nelson v. Whitfield,* 82 N.C. 46; 88 C.J.S. 514; 53 Am. Jur. 262.

A defendant could also test plaintiff's right of recovery by motion for directed verdict. Such a motion was not circumscribed by the limitations relating to a demurrer to the evidence. McIntosh, N.C. P.&P., 2d ed., sec. 1488.

The Hinsdale Act, G.S. 1-183, first enacted in 1897, was designed to permit more extensive use of a demurrer to the evidence by permitting the court to consider all of the evidence and if, upon all the evidence, it appeared that plaintiff was not entitled to recover, the court could then allow the motion to nonsuit.

On a motion to nonsuit the court does not now have any more right to weigh the evidence and pass on the credibility than it possessed prior to the adoption of the Hinsdale Act.

Justice Seawell aptly stated the rule when he said in *Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 330: "While the statute, C.S., 567, requires a consideration of the whole evidence, it is clear that only that part of the defendant's evidence which is favorable to the plaintiff can be taken into consideration, since otherwise, the court would necessarily pass upon the weight of the evidence, the credibility of which rests solely with the jury."

But that does not mean that when all of the evidence has been examined and all inferences which may be drawn there-

from favorable to plaintiff have been accorded him, it nevertheless appears, as a matter of law, he cannot recover, that the express language of the statute should be ignored and the court held powerless to render a judgment of nonsuit.

It is the duty of the court to allow the motion in either of two events: first, when all of the evidence fails to establish a right of action on the part of plaintiff; second, when it affirmatively appears from the evidence as a matter of law that plaintiff is not entitled to recover. *Atkins v. Transportation Co.*, 224 N.C. 688, 32 S.E. 2d 209; *Bryant v. Shields, supra; Crawford v. Crawford, supra.* The motion made on defendants' affirmative proof is the equivalent of a motion for a directed verdict under the old practice. Here, if an issue on the plea of estoppel by judgment had been submitted to the jury, defendants would have been entitled to a peremptory instruction. Hence the judgment of nonsuit is proper. *Ferrell v. Insurance Co.*, 208 N.C. 420, 181 S.E. 327; *Hood v. Bayless*, 207 N.C. 82, 175 S.E. 823; 23 N.C.L.R. 243.

There is nothing in *Reid v. Holden*, 242 N.C. 408, 88 S.E. 2d 125, in conflict with what is here said. In that case the plea of *res judicata* did not establish the identity of the parties or the identity of the controversial facts in the two suits. Here, the parties are identical, and an examination of the pleadings in the two suits shows that the issue of the defendants' negligence is the same in each suit.

Since a jury has heretofore decided that the collision between the two automobiles was not caused or produced by any negligent act of the defendants, the court was correct in not submitting that issue to another jury. The judgment is
Affirmed.