J. CURRON HILL v. JOHNNY AVERY EDWARDS, WILLARD HARDISON AND R. H. BOULIGNY, INC.

(Filed 8 November, 1961.)

**Judgments § 29—**

　　Where, in an action by a passenger in one car against the driver of the other car involved in the collision, such defendant has the other driver joined for contribution pursuant to G.S. 1-240, and plaintiff recovers judgment against the original defendant and the original defendant obtains judgment for one-half of the recovery against the additional defendant, *held* the rights and liabilities of the drivers *inter se* are put in issue by their pleadings and the judgment in such action will bar a subsequent action instituted by the driver of one car against the driver of the other.

APPEAL by plaintiff from *Mintz, J.,* February Term 1961 of LENOIR.

This is a civil action arising out of an automobile collision between a 1956 Chevrolet automobile owned and operated by the plaintiff, and a 1953 Plymouth automobile operated by the defendant Johnny Avery Edwards and owned by the defendant Willard Hardison.

The collision occurred on North Carolina Highway No. 11 at a point about eleven miles south of the City of Kinston, North Carolina, on 13 May 1957, about 6:00 a.m.

The plaintiff alleged in his complaint, filed on 18 June 1957, that his automobile was damaged as a result of the negligence of the defendant Johnny Avery Edwards, who, at the time of the collision was acting as the agent of the defendant Hardison and within the scope of his employment with the defendant R. H. Bouligny, Inc.

The defendants filed answer to the complaint on 17 July 1957. Thereafter, judgments as of nonsuit were entered as to the defendants Willard Hardison and R. H. Bouligny, Inc.

On 18 June 1957, Charlie Carter, a passenger in plaintiff's automobile at the time of the collision alleged in the plaintiff's complaint, filed suit for personal injuries against Johnny Avery Edwards and the other defendants above named. On 17 July 1957, the defendant Johnny Avery Edwards filed a joint answer and motion with the other two named defendants in which they moved that J. Curron Hill (plaintiff herein) be made an additional defendant under the provisions of G.S. 1-240, for the purpose of contribution, on the grounds that if said defendants were negligent as alleged in the complaint, that said Hill was also negligent and that such negligence concurred in jointly and proximately causing the alleged injuries to Charlie Carter.

Judgments of nonsuit were entered as to defendants Willard Hardison and R. H. Bouligny, Inc., at the April and November Terms 1959 respectively.

At the April Term 1960 of the Superior Court of Lenoir County the Carter case was tried before a jury and resulted in a verdict against the defendant Edwards for $700.00 and a verdict against J. Curron Hill for one half of said amount, or $350.00, in favor of Edwards on his cross action for contribution.

At the May Term 1960 of the Superior Court of Lenoir County a motion was granted allowing defendant Edwards to amend his answer and set up therein the judgment roll, including final judgment in the action entitled *"Charlie Carter v. Johnny Avery Edwards, et al,"* as a defense and plea in bar to this action.

The motion to dismiss this action on the ground that the judgment in the *Carter* case constitutes an estoppel and bar to plaintiff's right

to maintain this cause of action against Johnny Avery Edwards was granted and judgment entered accordingly.

The plaintiff appeals, assigning error.

*Jones, Reed & Griffin for plaintiff appellant.*
*Whitaker & Jeffress for defendant appellee Edwards.*

DENNY, J.    This appeal presents for determination whether or not the court below committed error in its ruling to the effect that the judgment in the case of *Carter v. Edwards* constitutes an estoppel and bar to the plaintiff's right to maintain this action against Johnny Avery Edwards.

"(W)here the initial action is instituted by the passenger in one vehicle against the driver of the other vehicle, in which the passenger's driver is joined for contribution, adjudication that the passenger's driver was not guilty of negligence constituting a proximate cause of the accident, is *res judicata* in a subsequent action between the drivers." Strong's North Carolina Index, Volume III, Judgments, Section 29, page 45 citing *Jenkins v. Fowler*, 247 N.C. 111, 100 S.E. 2d 234.

It is equally true in such a factual situation, where the plaintiff recovers judgment against the original defendant, and the jury finds the additional defendant guilty of negligence and that such negligence concurred in jointly and proximately causing plaintiff's injuries and gives the original defendant a verdict for contribution pursuant to the provisions of G.S. 1-240, such judgment is *res judicata* in a subsequent action between such drivers, based on the same facts litigated in the cross action in the former trial.

The plaintiff is relying on *Gunter v. Winders*, 253 N.C. 782, 117 S.E. 2d 787, for reversal of the judgment below. The *Gunter* case is not controlling on the facts in this case. The decision there was based on the fact that the pleadings did not allege joint and concurrent negligence on the part of the co-defendants in the prior action. Moreover, a judgment against two or more defendants in a tort action should not be held conclusive *inter se* unless their rights and liabilities were put in issue by their pleadings.

In the *Gunter* case the plaintiff and the defendants were all original defendants in the prior action. Therefore, they were not adversaries and could not settle their differences *inter se. Bell v. Lacey*, 248 N.C. 703, 104 S.E. 2d 833.

The ruling of the court below will be upheld on authority of *Jenkins v. Fowler, supra; Stansel v. McIntyre*, 237 N.C. 148, 74 S.E. 2d 345;

*Snyder v. Oil Co.*, 235 N.C. 119, 68 S.E. 2d 805; *Tarkington v. Printing Co.*, 230 N.C. 354, 53 S.E. 2d 269, and similar cases.

The judgment of the court below is

Affirmed.