MRS. ISA W. PITTMAN v. LT. MUNSON RAY SNEDEKER.

(Filed 26 February 1964.)

Judgments § 29—

In an action by a passenger against one of the drivers involved in a collision in which the other driver is joined for contribution, judgment upon the affirmative findings to the issues of negligence that plaintiff recover of the original defendant and that the original defendant recover from the additional defendant for contribution, bars a subsequent action by one driver against the other.

APPEAL by plaintiff from *Bundy, J.,* September-October 1963 Session of CRAVEN.

Plaintiff appeals from a judgment dismissing her action on the pleadings.

This case arose out of a collision on May 28, 1961 between automobiles operated by the plaintiff and defendant in which both plaintiff and Lynda Joyce Pittman, a passenger in plaintiff's car, received personal injuries. On July 25, 1962 Lynda Joyce Pittman (designated Passenger for convenience) instituted an action against the defendant for her damages. On September 1, 1962 plaintiff brought this suit. In the action brought by Passenger, defendant set up a cross action for contribution against the plaintiff herein alleging in his answer that if he were negligent as alleged in the complaint, negligence on the part of plaintiff concurred with his in proximately causing Passenger's injuries. His motion, made under G.S. 1-240, that plaintiff herein be made an additional party defendant was allowed on September 28, 1962. In her reply to the cross action plaintiff denied any negligence on her part, alleged that the collision was caused solely by the negligence of the defendant as specified therein, and averred that she had instituted the present action against defendant to recover those damages which his negligence had proximately caused her. However, she did not plead her alleged cause of action as a counterclaim against the defendant in his cross action filed in Passenger's suit.

Both this action and Passenger's were calendared for trial at the May 1963 Civil Session. In his discretion, the judge denied plaintiff's motion that her case be tried first. Passenger's case then proceeded to trial and the verdict therein established negligence on the part of both drivers, the plaintiff and defendant herein, as the proximate cause of Passenger's injuries. Defendant recovered judgment against the plaintiff in his cross action for contribution for one-half of the amount which Passenger had recovered against him. Thereafter, on August 16, 1963, the defendant moved for permission to amend his answer in this case to allege the ver-

dict and judgment in Passenger's action as an estoppel and as a bar to any recovery by the plaintiff herein. The motion was allowed and the amendment filed. Plaintiff thereupon demurred to the amendment and moved to strike it. Judge Bundy held that the judgment in Passenger's case barred plaintiff's right to maintain this action. From his order dismissing the suit, plaintiff appealed.

*Kennedy W. Ward for plaintiff appellant.*
*Barden, Stith & McCotter for defendant appellee.*

PER CURIAM. Plaintiff concedes that the facts are as stated above. We are unable to accept her contention "that the rights and liabilities of the drivers, Mrs. Pittman and defendant, Snedeker, were not *inter se* put in issue and resolved by the judgment and pleadings" in Passenger's action. Clearly the two drivers, the original defendant in that action and the additional defendant for the purpose of contribution, were adverse parties who litigated their differences *inter sese* therein. The verdict established that the negligence of both proximately caused the collision in question. This case is controlled by *Hill v. Edwards,* 255 N.C. 615, 122 S.E. 2d 383, in which, on identical facts, the question presented was decided adversely to the plaintiff.

There appears no reason to assume that the result in Passenger's case would have been different had plaintiff taken a nonsuit in this action and replead it as a counterclaim therein as she could have done. *Norris v. Johnson,* 246 N.C. 179, 97 S.E. 2d 773.

The judgment below is
Affirmed.