EDGAR OTTO SHAW, JR. v. WELLMON EAVES, MABLE WHITTENBURG, LOUIS CARSON AND WILLIE CARSON.

(Filed 4 November, 1964.)

**1. Torts § 4—**

Where the original defendant has another joined for contribution, the additional defendant and plaintiff are not legal adversaries and have no opportunity to litigate their rights *inter se*, and therefore plaintiff if successful, is not entitled to a joint and several judgment against both defendants, but is entitled to judgment only against the original defendant, and the original defendant, if successful in his cross action, is entitled to judgment for contribution against the additional defendant.

**2. Pleadings § 30—**

Judgment in favor of a pedestrian against one driver and in favor of such driver against a second driver joined for contribution cannot entitle the pedestrian to judgment on the pleadings on his counterclaim in a subsequent action instituted by the second driver against the first driver, the pedestrian and the pedestrian's superior. *A fortiori*, the superior, who was not a party to the other action, is not entitled to judgment on the pleadings on his counterclaim.

**3. Same—**

Judgment on the pleadings is proper only when as a matter of law the allegations of the opposing party, taken as true, are insufficient to constitute a cause of action or a defense, and such motion must be determined on the pleadings alone without extrinsic evidence and may not be entered when the pleadings raise an issue of fact on any single material proposition.

**4. Judgments § 28—**

In order for a judgment to bar a subsequent action under the doctrine of *res judicata*, it is required that there be identity of parties, subject matter, and relief demanded.

**5. Same—**

Estoppel by judgment must be mutual, and the estoppel is mutual only if the party taking advantage of the earlier adjudication would have been bound by it had it gone against him.

**6. Same—**

An unsatisfied judgment against one joint tort-feasor is no bar to the prosecution of actions against the other tort-feasor.

**7. Same— Judgment for contribution is not res judicata as between plaintiff and additional defendant.**

Judgment was entered in favor of a pedestrian and against one motorist, the original defendant, and in favor of such motorist against another motorist joined for contribution. Thereafter the second motorist instituted an action against the first motorist and the pedestrian, and both filed a counterclaim against the second motorist. *Held:* The judgment is *res*

*judicata* as to the second motorist's cause of action against the first motorist and the first motorist's counterclaim, but it is not *res judicata* as to the rights of the pedestrian and the second motorist *inter se*, either in the action or the counterclaim, since the rights of the pedestrian and the second motorist were not adjudicated in the prior action. Nevertheless, the first motorist should not be dismissed from the action, since if the pedestrian is successful on his counterclaim against the second motorist, the first motorist would be liable for contribution to the second motorist.

Appeal by plaintiff, Edgar Otto Shaw, Jr., from *Martin, S. J.*, January 1964 "A" Session of Buncombe.

This action arose out of a three-car collision which occurred about 10 P.M., 22 September 1962, on Black Street in the City of Asheville.

Willie Carson was standing behind a Mercury automobile belonging to Louis Carson; the Mercury was not in motion and was on, or protruding into, Black Street. Plaintiff Shaw, driving a Chevrolet automobile belonging to Elna Torrence Castion, ran into Willie Carson and the Mercury. Almost immediately thereafter Wellmon Eaves, driving an Oldsmobile belonging to Mable Whittenburg, ran into the Chevrolet.

We refer herein only to such of the pleadings as are essential to an understanding of the questions involved on this appeal.

On 1 November 1962 Shaw instituted an action in the superior court of Buncombe County against Eaves, Whittenburg, Willie Carson and Louis Carson, alleging that he received personal injuries in the collision, his injuries were caused by the concurrent negligence of Eaves and Willie Carson, that Whittenburg and Louis Carson are liable to him under the doctrine of *respondeat superior*, and he is entitled to recover $10,000. Eaves, Whittenburg, Willie Carson and Louis Carson in separate answers deny negligence and plead the contributory negligence of Shaw. Willie Carson and Louis Carson counterclaim against Shaw for damages — Willie Carson for $35,000 for personal injuries, and Louis Carson for $550 property damage. Southern General Insurance Company, liability insurer for Louis Carson, was permitted, for reasons which do not concern us on this appeal, to intervene and answer.

On 29 November 1962 Willie Carson instituted an action in the general county court of Buncombe County against Eaves and Whittenburg to recover $35,000 for personal injuries suffered by him in the collision. Eaves and Whittenburg, answering, denied negligence, pleaded contributory negligence, and alleged a cross-action against Shaw and Castion for contribution (G.S. 1-240). On motion of Eaves and Whittenburg, Shaw and Castion were made additional defendants. They answered,

denied negligence and counterclaimed against Eaves and Whittenburg — Shaw for $10,000 for personal injuries, and Whittenburg for $1250 property damage (Shaw and Castion took voluntary nonsuits as to these counterclaims before trial in general county court).

The action instituted by Willie Carson came on for trial in the general county court in October 1963. Issues were submitted to and answered by the jury as follows:

"1.  Was the plaintiff injured and damaged by the negligence of the defendant, WELLMON EAVES, as alleged in the complaint?

Answer:   Yes.

"2.  Was WELLMON EAVES at said time agent, servant and employee of his co-defendant, MABEL BRATTEN WHITTENBURG, as alleged in the complaint?

Answer:   Yes.

"3.  Was the plaintiff injured by the negligence of the defendant EDGAR OTTO SHAW, JR., as alleged in the defendant EAVES' Answer and Cross-action?

Answer:   Yes.

"4.  Was EDGAR OTTO SHAW, JR., at said time acting as agent, servant and employee of ELNA TORRENCE CASTION, as alleged in the defendant EAVES' Answer and Cross-action?

Answer:   Yes.

"5.  Did the plaintiff by his own negligence contribute to his injury, as alleged in the Answers?

Answer:   No.

"6.  Notwithstanding the plaintiff's own contributory negligence, if you so find, could the defendants, through the exercise of due care, have avoided the injury to the plaintiff, as alleged in the plaintiff's Reply?

Answer:   .... .  .... .

"7.  What damages, if any, is the plaintiff entitled to recover?

Answer:   $35,000.00."

On motion of Whittenburg the court, in its discretion, set aside the answer to the second issue. Judgment was entered on the verdict. It decreed that Willie Carson recover of Eaves $35,000, and that Eaves recover of Shaw and Castion contribution as provided in G.S. 1-240. We are advised by counsel that no appeals from this judgment were

perfected and it is a final judgment. It has not been paid and satisfied by Eaves.

After the entry of the above judgment in general county court, Willie Carson, Louis Carson, the Insurance Company, Eaves and Whittenburg, with leave of court, amended their answers in superior court in Shaw's action and pleaded the judgment of the general county court as a bar to the maintenance of the action in superior court by Shaw. Willie Carson also moved for judgment in the amount of $35,-000 against Shaw, on the pleadings in the superior court action. In reply Shaw alleged that, if the judgment of the general county court is *res judicata* as to his action, it also bars Willie Carson's counterclaim.

In January 1964 Shaw's action came on for trial in superior court. After reviewing the pleadings and hearing arguments by counsel, the court entered judgment decreeing that "the judgment of the General County Court is a bar to plaintiff's (Shaw's) cause of action . . . against any of said defendants, and the said action as against Wellmon Eaves and Mable Whittenburg . . . is hereby dismissed, and the action against Louis Carson and his agent, Willie Carson, is dismissed with prejudice; the motion for judgment on the pleadings of Willie Carson against plaintiff, Edgar Otto Shaw, Jr., is allowed and . . . that Willie Carson have and recover of plaintiff, Edgar Otto Shaw, Jr., the sum of $35,000 . . . (and) that Louis Carson, on his counterclaim, have and recover of the plaintiff, Edgar Otto Shaw, Jr., for damages to Mercury automobile . . . such sums as a jury may hereafter determine on a proper issue . . . ."

Plaintiff Shaw appeals.

*Lawrence C. Stoker, Landon Roberts, Meekins, Packer & Roberts for plaintiff appellant.*

*Williams, Williams and Morris for defendants Louis Carson ,and Southern General Insurance Company, appellees.*

*George H. Ward; Loftin & Loftin for defendant Willie Carson, appellee.*

MOORE, J.  All parties agree that the judgment of the general county court in the action instituted by Willie Carson is a valid, binding, final judgment. We are concerned here with its effect on the rights of the parties in the action instituted by Shaw in the superior court.

(1)  The superior court judge granted Willie Carson's motion for judgment on the pleadings and entered judgment in the superior court case that Willie Carson recover of plaintiff Shaw $35,000 on his coun-

terclaim, and that Louis Carson recover of plaintiff Shaw such sums, on his counterclaim, for damage to his automobile, "as a jury may hereafter determine." In effect, the superior court judge entered judgment in Shaw's superior court case in favor of the Carsons upon the verdict of the jury in general county court in the Willie Carson action.

The general county court could not have entered judgment in favor of Willie Carson against Shaw upon the verdict in that court. In general county court Willie Carson sued Eaves and Eaves joined Shaw for contribution (G.S. 1-240); the verdict was such as to permit judgment in favor of Willie Carson against Eaves, and in favor of Eaves against Shaw for contribution. Willie Carson sought no affirmative relief against Shaw in that action. We held in *Pascal v. Transit Co.*, 229 N.C. 435, 50 S.E. 2d 534, that where plaintiff seeks no affirmative relief against an additional defendant joined by the original defendant for the purpose of enforcing contribution against the additional defendant as a joint tort-feasor, it is error for the court to enter joint and several judgments in favor of plaintiff against both defendants upon the jury's finding that both the original defendant and the additional defendant were guilty of actionable negligence, since the liability of the additional defendant is solely to the original defendant on the latter's claim for contribution.

Since the general county court could not enter an affirmative judgment in favor of Willie Carson against Shaw upon the verdict in that court, neither can the superior court in an entirely different action on motion for judgment on the pleadings. *A fortiori*, the superior court could not enter judgment against Shaw in favor of Louis Carson, who was not a party to the action in the general county court.

A motion for judgment on the pleadings is similar to a demurrer. In determining such motion the court's decision must be based upon the facts alleged on the one hand and admitted on the other. The court should not hear extrinsic evidence or make findings of fact. The motion raises a question of law, whether the matters set up in the pleadings of an opposing party are sufficient in law to constitute a cause of action or a defense. When a party moves for judgment on the pleadings, he admits for the purposes of the motion (1) the truth of all well pleaded facts in the pleadings of his adversary, together with all fair inferences to be drawn from such facts, and (2) the untruth of his own allegations insofar as they are controverted by the pleadings of his adversary. The law does not authorize the entry of a judgment on the pleadings in any case where the pleadings raise an issue of fact on any single material proposition. *Erickson v. Starling*, 235 N.C. 643, 71 S.E. 2d 384; 41 Am. Jur., Pleading, §§ 335-339; pp. 520-523.

Shaw's complaint and the answers of defendants, including the counterclaims of defendants Carson, raise issues as to negligence, contributory negligence and damages. The defendants Carson amended their answers and set up the judgment roll in the general county court case and pleaded the same in bar of Shaw's action in superior court. In reply Shaw admitted the correctness of the judgment roll in general county court, denied that it bars his action, and asserted that if it does bar his action the estoppel is mutual and it also bars Carsons' counterclaims. Certainly the judgment of the general county court cannot be the basis for an affirmative judgment on the pleadings, including an award of damages, in favor of the Carsons, unless it is a complete bar to plaintiff Shaw's action and also estops him to deny the truth of the counterclaims.

(2)   We now come to a consideration of the pleas of res judicata as between plaintiff Shaw and defendants Carson in the superior court case.

"The doctrine of res judicata as stated in many cases is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." 30A Am. Jur., Judgments, § 324, p. 371. In order for a judgment to constitute res judicata in a subsequent action there must be identity of parties, subject matter, issues and relief demanded, and it is required further that the estoppel be mutual. Light Co. v. Insurance Co., 238 N.C. 679, 79 S.E. 2d 167; Stansel v. McIntyre, 237 N.C. 148, 74 S.E. 2d 345; Cameron v. Cameron, 235 N.C. 82, 68 S.E. 2d 796; Leary v. Land Bank, 215 N.C. 501, 2 S.E. 2d 570. In order for a party to be barred by the doctrine of res judicata, it is necessary not only that he should have had an opportunity for a hearing but also that the identical question must have been considered and determined adversely to him. Crosland-Cullen Co. v. Crosland, 249 N.C. 167, 105 S.E. 2d 655. Recent cases involving the doctrine of res judicata seem to indicate that a prior judgment will work an estoppel only if the rights and liabilities of the parties were put in issue so that they were actually adverse parties in the prior case. See Hill v. Edwards, 255 N.C. 615, 122 S.E. 2d 383.

The judgment of the general county court is res judicata as to Willie Carson's cause of action against Eaves and Whittenburg, and as to the defenses and counterclaims which were or could have been asserted by Eaves and Whittenburg against Willie Carson. But it does not necessarily follow that that judgment is res judicata as to the

rights and liabilities of Willie Carson and Shaw *inter se*. A tort-feasor who is not sued by the injured party is not privy to one who is sued. *Bigelow v. Old Dominion Copper Mining and Smelting Co.*, 225 U.S. 111. Willie Carson did not sue Shaw in the general county court action.

An estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it had it gone against him. *Bernhard v. Band of America Nat. Trust & Sav. Ass'n.*, 122 P. 2d 892. In *Powell v. Ingram*, 231 N.C. 427, 57 S.E. 2d 315, plaintiffs sued original defendants and the original defendants joined the additional defendant for contribution; the jury found that plaintiffs were not injured by the actionable negligence of the original defendants and judgment was entered against plaintiffs. The opinion states that "The question of the liability of Sanders (additional defendant) to plaintiffs was not at issue on the trial, and in consequence the judgment does not preclude the plaintiffs from suing Sanders in case they desire to do so." It is clear that even if Willie Carson had not prevailed in his action against Eaves in general county court and judgment had been entered against him, he could still prosecute his cause of action (counterclaim) against Shaw, the additional defendant in the superior court action. Since he was successful against Eaves, he is in even better position to prosecute his action (counterclaim) against Shaw. An unsatisfied judgment against one tort-feasor is no bar to the prosecution of actions against other tort-feasors. 52 Am. Jur., Torts, § 127, p. 464.

It is clear that the general county court judgment is not a bar to the prosecution of Willie Carson's counterclaim against Shaw in the superior court action. It follows that it is not a bar to Shaw's cause of action against Willie Carson and Louis Carson. Estoppel by judgment must be mutual. The rights and liabilities of Willie Carson and Shaw *inter se* were not at issue in the general county court. Shaw had no opportunity to prosecute his claim against Willie Carson in that court. When an additional defendant is joined by an original defendant for contribution in an action *ex delicto*, the latter is plaintiff as to the former, the question for determination is the liability, if any, of the additional defendant to the original defendant, and the plaintiff and additional defendant are not in law adversaries. *Jenkins v. Fowler*, 247 N.C. 111, 100 S.E. 2d 234; *Norris v. Johnson*, 246 N.C. 179, 97 S.E. 2d 773; *Powell v. Ingram, supra; Charnock v. Taylor*, 223 N.C. 360, 26 S.E. 2d 911. It is elementary and fundamental that every person is entitled to his day in court to assert his own rights or to defend against their infringement. *Coach Co. v. Burrell*, 241 N.C. 432, 85 S.E. 2d 688. It is true that the jury in general county court found that Willie Carson was injured by the negligence of Shaw, "as alleged in defendant

Eaves' answer and cross-action." But this related to the liability of Shaw to Eaves, not of Shaw to Willie Carson. Shaw and Willie Carson have not had their day in court as adversaries.

The judgment of the superior court will be vacated and set aside insofar as it adjudges that the judgment of the general county court is a bar to plaintiff Shaw's cause of action against Willie Carson and Louis Carson, that the action against Willie Carson and Louis Carson is dismissed, and that Willie Carson and Louis Carson have judgment on the pleadings as specified. This cause will stand for trial upon the issues raised by plaintiff Shaw's and Willie Carson's and Louis Carson's pleadings (exclusive of the pleas of *res judicata*).

(3) The judgment of the general county court is a bar to plaintiff Shaw's action against Eaves and Whittenburg, and any counterclaim which Eaves and Whittenburg might attempt to assert against Shaw. *Pittman v. Snedeker*, 261 N.C. 365, 134 S.E. 2d 622; *Hill v. Edwards, supra; Jenkins v. Fowler, supra.* But Eaves will not be dismissed from the action. Should Willie Carson obtain a judgment on his counterclaim against plaintiff Shaw, Shaw will be entitled to contribution from Eaves. *Stansel v. McIntyre, supra.* The judgment in general county court established that Eaves and Shaw are, as between themselves, joint tort-feasors as to Willie Carson.

Error and remanded.