C. L. HARDY AND L. A. MOYE, PARTNERS, TRADING AS C. L. HARDY &
COMPANY, v. MISS MAYONA MAYO.

(Filed 1 November, 1944.)

**1. Pleadings § 21—**

After the time for answering a pleading expires, no amendment thereto
may be made as a matter of right, and a motion to amend is then ad-
dressed to the sound discretion of the court and a decision thereon is not
subject to review, except in case of manifest abuse.

**2. Adverse Possession § 4a—**

The possession of one tenant in common is in law the possession of all
his co-tenants, unless and until there has been an actual ouster or a sole
adverse possession of twenty years, receiving the rents and profits and
claiming the land as his own from which actual ouster would be presumed.

**3. Estoppel § 1: Equity § 2—**

Where there was a conveyance in 1906 of a one-half undivided interest
in lands, the deed reciting that grantee and associates would construct
a railroad line through part thereof and build a station in the vicinity
and that the lands so conveyed were to be laid off and plotted into lots,
which were to be sold for the benefit of the parties to the deed, all of
which was done except that only a few of the lots were sold, one of the
heirs of grantor, who had for more than 20 years recognized grantee's
title in court pleadings and deeds, is estopped by record and laches to
deny the validity of the 1906 deed.

**4. Deeds § 12: Boundaries § 2—**

The description of lands in a deed of trust is sufficient, where it sets
out the property as a one-half undivided interest in 35 acres, part of the
old W tract, adjoining F, S, D, and others, beginning at the forks of the
H and G roads, on the west side of the H road in the fork and running
to where it will intersect the northeast corner of the D land, thence west
with the D land far enough to make (using the G road as the northern
boundary) 35 acres, reference being made to the grantor's deed by the
parties thereto and book and page where recorded, less certain lots by
numbers sold prior to the execution of the said deed of trust.

APPEAL by respondent from *Williams, J.,* at June Term, 1944, of
GREENE.

Special proceedings, instituted 20 May, 1941, for the partition of a
35-acre tract of land situate in Greene County, in which the petitioners
claim a one-half undivided interest. Respondent filed answer denying
plaintiffs have any interest in the said land, pleads sole seizin, and alleges
the conveyance from L. A. and L. S. Mayo to the Macclesfield Company
hereafter described, and upon which petitioners rely, as a link in the
chain of their title, is null and void, and that the Macclesfield Company
and subsequent purported holders of title through said company hold

the same in trust for the respondent. Additional facts pertinent to this appeal are as follows:

1. It is admitted that the respondent is the owner of a one-half undivided interest in the land in controversy.

2. In 1906 L. A. Mayo and his wife, L. S. Mayo, executed a conveyance to Macclesfield Company, a corporation, for a one-half undivided interest in the aforesaid tract of land, which instrument was duly recorded as provided by law, 17 June, 1906. The deed contained the following provisions:

"Whereas Henry Clark Bridgers of Tarboro, North Carolina, is going to construct or cause to be constructed an extension of the East Carolina Railway from Farmville to Hookerton and it will cross the lands of L. A. Mayo. . . . And Whereas L. A. Mayo is desirous of giving to the said Henry Clark Bridgers or his heirs or assigns one-half interest which said interest is to be joint in thirty five acres of land which said thirty five acres of land is to be laid off and plotted into a town site and said lots are to be held in Joint interest by said L. A. Mayo and said Henry Clark Bridgers or assignee and are to be (sold) at a price agreed on by said L. A. Mayo and said Henry Clark Bridgers. And the proceeds of said sale are to be divided equally between said L. A. Mayo and said Henry Clark Bridgers. And Whereas the said Henry Clark Bridgers is interested in and is an officer in the Macclesfield Company, a Corporation. . . . Now therefore in consideration of the foregoing premises and the further consideration of One Dollar paid receipt whereof is hereby acknowledged and the further consideration of the said Henry Clark Bridgers . . . causing to be located a Station and a Station house built either on the hereinafter described land or on the lands adjoining it the said L. A. Mayo and L. S. Mayo his wife have given and granted bargained and sold aliened and conveyed and do by these presents give and grant bargain and sell and alien and convey unto the said Macclesfield Company," etc. Thereafter the railroad was built as contemplated, the depot located on lands adjoining the above tract, and the land in controversy platted into lots.

3. The Macclesfield Company instituted a special proceedings against L. A. Mayo and wife, L. S. Mayo, for the partition of the property on 3 February, 1917. Answer was filed by respondents denying the petitioners owned any interest in the land by reason of the failure of the petitioners to develop the property as contemplated under the provisions contained in the aforesaid conveyance. Mrs. Mayo died intestate in the year 1918, and L. A. Mayo died intestate in the year 1920. The petitioners took a voluntary nonsuit at the December Term, 1921, of the Superior Court of Greene County.

4. The only children and heirs at law of L. A. Mayo and his wife, L. S. Mayo, were R. E. Mayo, L. A. Mayo, J. W. Mayo, W. L. Mayo, and the respondent Mayona Mayo.

5. By special proceedings for partition, instituted in Pitt and Greene counties, R. E. Mayo and W. L. Mayo were allotted a tract of land in Pitt County and J. W. Mayo, L. A. Mayo and Mayona Mayo were allotted the Whitley tract of 225 acres in Greene County.

6. In December, 1921, L. A. Mayo, guardian of J. W. Mayo, instituted a special proceedings in the Superior Court of Greene County and alleged in his petition that L. A. Mayo, J. W. Mayo and Mayona Mayo were the owners of and in possession jointly with J. H. Bridgers, or the Macclesfield Company, of the 35-acre tract near the town of Maury; and further alleged that L. A. Mayo and Mayona Mayo had entered into an agreement with Bridgers, or the Macclesfield Company, to offer lots for sale included in the 35-acre tract, and owned by all of them, and prayed the court for authority to execute deeds on behalf of said minor, J. W. Mayo. Judgment authorizing the sale of said lots and the execution of deeds on behalf of said minor, was signed 15 December, 1921, by the clerk of the Superior Court and affirmed by the judge on 16 December, 1921. Thereafter, on 17 December, 1921, this respondent joined in the execution of a deed conveying a one-half undivided interest in three lots, situate within the boundaries of the 35-acre tract, to the Macclesfield Company, and the deed recites the Macclesfield Company is already the owner of the other one-half interest in said lots.

7. In the year 1922, L. A. Mayo, Mayona Mayo and J. W. Mayo, by his guardian, L. A. Mayo, instituted a special proceedings to partition among themselves the Whitley land, of which the 35-acre tract in controversy is a part. It is expressly set forth in the proceedings that the petitioners own only a one-half undivided interest in the 35-acre tract and that "the other one-half undivided interest being the interest of H. C. Bridgers."

8. The respondent purchased her present interest in the 35-acre tract of land from one of the other Mayo heirs, and the same was conveyed to her by deed dated 16 November, 1934, and in which it is stated: "The interest conveyed is a one-half undivided interest."

9. The Macclesfield Company, on 1 July, 1932, executed a deed of trust to John Hill Paylor, Trustee, on certain lands including the one-half interest in the said 35-acre tract, which deed of trust was duly foreclosed and the petitioners purchased the property at the foreclosure sale. The following description appears in the deed of trust and in the Trustee's deed executed 1 December, 1934, to petitioners:

"Also one-half undivided interest in thirty-five (35) acres of land being part of the Old Whitley tract and joins the lands of J. T. Friz-

zelle, Mrs. L. A. Spivey, T. M. Dail and others, said 35 acres beginning at the fork of the road on the west side of the Lizzie and Hookerton Road at a point where the Greenville and Snow Hill Road crosses the Lizzie and Hookerton Road and running in a direct line to where it will intersect with the northeast corner of T. M. Dail lands; thence west along with Dail land for enough to make (using the Snow Hill and Greenville Road as the northern boundary) 35 acres reference being made to deed from L. A. Mayo and wife L. S. Mayo to The Macclesfield Company recorded in Registry of Greene County in Book 38, at page 572, less those certain lots heretofore conveyed; and a one-half undivided interest in Square D, Lots 1 and 2

"Square E—Lots 1-24 inclusive
            H—8, 9, 10, 13, 14, 15 and 16
            I—5-12 inclusive
            F—1-24 inclusive
            B—4-12 inclusive

Also Lots 2 and 3 Square A and Lot 1 in Square B conveyed by L. A. Mayo and others to The Macclesfield Company January 19, 1922 in Registry of Greene County Book 130, at Page 254, reference is made to map of the property of Mrs. L. A. Mayo recorded in Book 101 at page 257 and to map of the Whitley farm recorded in Map Book 1 at page 12."

The respondent alleges that not only the lots previously conveyed by the Macclesfield Company were excepted from the deed of trust and the Trustee's deed, but also all the lots thereafter described in said instrument.

10. When the case was called for trial, the respondent moved the court for permission to file an amendment to her answer, alleging title by adverse possession for more than 20 years. Motion denied. Exception.

11. The jury returned a verdict to the effect that petitioners and respondent are tenants in common, as alleged in the petition. From judgment entered on the verdict, respondent appeals to the Supreme Court, assigning error.

*J. Faison Thomson and John Hill Paylor for plaintiffs, petitioners.*
*Charles F. Rouse for defendant, respondent.*

DENNY, J. The first exception is directed to his Honor's refusal to permit the respondent to amend her answer by alleging title by adverse possession for more than 20 years. The exception cannot be sustained. After the time for answering a petition or complaint has expired, the

respondent or defendant may not as a matter of right, file an amended answer. The right to amend after the time for answering has expired, is addressed to the discretion of the court, and the decision thereon is not subject to review, except in case of manifest abuse. *Lumber Co. v. Wilson,* 222 N. C., 87, 21 S. E. (2d), 893; *Cody v. Hovey,* 219 N. C., 369, 5 S. E. (2d), 165; *Osborne v. Canton* and *Kinsland v. Mackey,* 219 N. C., 139, 13 S. E. (2d), 265; *Biggs v. Moffitt,* 218 N. C., 601, 11 S. E. (2d), 870. Moreover, in the case of *Winstead v. Woolard,* 223 N. C., 814, 28 S. E. (2d), 507, *Justice Winborne,* speaking for the Court, said: "It is a well settled and long established principle of law in this State that the possession of one tenant in common is in law the possession of all his co-tenants unless and until there has been an actual ouster or a sole adverse possession of twenty years, receiving the rents and profits and claiming the land as his own from which actual ouster would be presumed," citing numerous authorities.

The respondent, within twenty years from the institution of this proceedings, as a party in special proceedings and in conveyances, has expressly recognized and asserted that the title to a one-half undivided interest in the land now in controversy was in the Macclesfield Company. And more than twenty years elapsed between the death of Mr. and Mrs. Mayo and the institution of this proceedings, during which period the respondent and her predecessors in title did not claim any interest in the said land, save and except a one-half undivided interest therein. The amendment, had it been allowed, under the evidence disclosed herein, would not have aided the respondent.

We deem it unnecessary to discuss the remaining exceptions *seriatim.* The contention that under the pleadings, the respondent should have been permitted to prove fraud or breach of trust by petitioners' predecessors in title, cannot be sustained. We think the title to a one-half undivided interest in and to the 35-acre tract referred to herein, passed to Macclesfield Company under the deed from L. A. Mayo and wife, L. S. Mayo, executed and recorded in 1906, and that under the facts disclosed the respondent is estopped by record and laches to deny the validity of said deed. *Moore v. Baker, ante,* 498; *Huffman v. Pearson,* 222 N. C., 193, 22 S. E. (2d), 440; *Harshaw v. Harshaw,* 220 N. C., 145, 16 S. E. (2d), 666; *Crawford v. Crawford,* 214 N. C., 614, 200 S. E., 421; *Thomas v. Conyers,* 198 N. C., 229, 151 S. E., 270; *Fort v. Allen,* 110 N. C., 183, 14 S. E., 685; *Stewart v. Mizell,* 43 N. C., 242.

The respondent also attacks the sufficiency of the description in the deed of trust and the Trustee's deed to convey to petitioners all the interest of the Macclesfield Company, conceding the validity of its title. The description complained of is set forth in paragraph 9 of the state-

ment of facts hereinabove. We think the position is untenable and that the description is sufficient to include all the right, title and interest in and to the 35-acre tract of land in controversy, which was conveyed to Macclesfield Company by the conveyances referred to herein, less any lots conveyed by Macclesfield Company prior to the execution of the said deed of trust, 1 July, 1932.

A careful consideration of the remaining exceptions leads us to the conclusion that no prejudicial error was committed in the trial below which would warrant a disturbance of the verdict.

No error.