NOVELLA SISK v. LEE AUGUSTUS PERKINS, ORIGINAL DEFENDANT, AND DAVID WILLIAM SISK, ADDITIONAL DEFENDANT.

(Filed 17 March, 1965.)

**1. Judgments § 29—**

Adjudication in an action between the drivers of two vehicles involved in a collision that each was guilty of negligence constituting a proximate cause of the collision is *res judicata* as between the drivers upon the subsequent hearing of an action by a passenger in one of the vehicles against the driver of the other, in which action the passenger's driver is joined for contribution. and the original defendant is entitled to introduce such judgment to establish his claim for contribution.

**2. Pleadings § 5—**

The rule that a verified pleading requires that subsequent pleadings be also verified, G.S. 1-144, may be waived except in those cases where the form and substance of verification is made an essential part of the pleading.

APPEAL by defendant Perkins from *Campbell, J.,* 19 October 1964 Civil Session of GASTON.

This action arose out of an automobile collision between the Sisk automobile, being driven by David William Sisk, and the Perkins automobile, being driven by Lee Augustus Perkins. The plaintiff, Novella Sisk, was a passenger in the Sisk automobile which, at the time of the accident, was being driven by her husband. The accident occurred on a rural paved road, No. 1924, on 18 February 1963, about 2-2/10ths miles northwest of Mt. Holly, North Carolina.

The complaint in this action was filed on 25 April 1963. Plaintiff sought to recover damages from Perkins only. Plaintiff alleged that through the negligent operation of his car, Perkins caused the plaintiff's injury.

On 23 January 1964, defendant Perkins filed an answer denying the plaintiff's allegations of negligence, and in his further answer set up a cross-action against David William Sisk and had Sisk brought in as an additional party-defendant. Perkins alleged the collision was caused solely by the negligence of David William Sisk, and if such allegation should not be sustained, then he alleged the negligence of Sisk was a contributing factor in producing the collision. The answer and cross-action of Perkins were verified.

The additional defendant filed an answer on 13 May 1964 denying the allegations of Perkins that he, Sisk, had been negligent, and for a further answer and defense, Sisk alleged that plaintiff's injury resulted from the sole negligence of Perkins.

As a result of the collision involved herein, Perkins instituted an action against Sisk, and on 7 February 1964 the jury returned a verdict to the effect that both Perkins and Sisk had been negligent and that both had contributed to their own injury, and judgment was entered accordingly.

After the action of *Perkins v. Sisk* was terminated, Perkins was allowed on 2 June 1964 to amend his cross-action against David William Sisk so as to plead the judgment in the action of *Perkins v. Sisk,* which judgment established the negligence of both Perkins and Sisk. The amended answer was not verified.

On 12 June 1964, Sisk moved through his counsel to strike the amendment allowed to the original answer of Perkins. No question about the lack of verification of the amendment to the answer was raised at that time. This motion was denied on 11 September 1964.

Counsel for the additional defendant filed an undated motion to dismiss the amendment to the answer of Perkins, which amendment had been allowed on 2 June 1964, for the reason that such amendment was not verified. The original answer of the original defendant, filed

28 January 1964, was verified. Even so, at no place in the record does it appear that the additional defendant made any effort to have his motion to strike the amendment to the original answer heard by the court below.

Plaintiff's case was submitted to the jury and plaintiff, Novella Sisk, recovered a judgment against Perkins for $5,000.00.

The original defendant assigns as error the ruling of the court below that the judgment theretofore entered in the action between *Lee Augustus Perkins v. David William Sisk* is not *res judicata* in the instant action as between the original defendant and the additional defendant, as shown by the amendment to the answer of defendant Lee Augustus Perkins.

From the refusal of the court below to allow the judgment in the case of *Perkins v. Sisk* to be introduced to establish Perkins' claim for contribution against Sisk, Perkins appeals, assigning error.

*Mullen, Holland & Harrell for original defendant appellant.*

*Childers & Fowler; Whitener & Mitchem for additional defendant appellee.*

*Verne E. Shive for plaintiff appellee.*

DENNY, C.J.  The appellant herein assigns as error the ruling of the court below that the judgment heretofore entered in the action between Lee Augustus Perkins and David William Sisk is not *res judicata* in the instant case as between the original defendant and the additional defendant, as shown by the amendment to the answer of defendant Lee Augustus Perkins. "* * * (W)here A sues B alone as tort feasor, and B impleads C on cross-claim allegations of negligence for contribution or indemnification, a resulting judgment in respect of the cross-claim will operate as an estoppel in a subsequent action between B and C based upon allegations of negligence arising out of the same occurrence. The reverse order of actions, where in the former action B sued C, and in the subsequent action by A against C, C impleads B, yields the same result.

"The controlling principle here is that, as the court puts it: 'A judgment ordinarily settles nothing as to the relative rights and liabilities of the co-plaintiffs or co-defendants *inter se,* unless their hostile or conflicting claims were actually brought in issue, litigated and determined.'" McIntosh, North Carolina Practice and Procedure, Vol. 2, Cumulative Supplement, § 1734.5, page 47.

In *Williams v. Hunter,* 257 N.C. 754, 127 S.E. 2d 546, Rodman, J., speaking for the Court, said: "The amendment alleges a prior adjudication of the rights of Barnes and Ferguson in a court having juris-

diction of the parties and the cause of action. If the plea be established, it defeats Ferguson's right to relitigate any question then in controversy. The negligence of each driver, the parties to that action, was necessarily in issue. The adjudication then made is binding on the parties. *Hill v. Edwards*, 255 N.C. 615, 122 S.E. 2d 383; *Bullard v. Oil Co.*, 254 N.C. 756, 119 S.E. 2d 910; *Crain & Denbo, Inc. v. Construction Co.*, 252 N.C. 836, 114 S.E. 2d 809; *Jenkins v. Fowler*, 247 N.C. 111, 100 S.E. 2d 234; *Tarkington v. Printing Co.*, 230 N.C. 354, 53 S.E. 2d 269; *Allen v. Salley*, 179 N.C. 147, 101 S.E. 545."

In *Hill v. Edwards*, 255 N.C. 615, 122 S.E. 2d 383, this Court said: " '(W)here the initial action is instituted by the passenger in one vehicle against the driver of the other vehicle, in which the passenger's driver is joined for contribution, adjudication that the passenger's driver was not guilty of negligence constituting a proximate cause of the accident, is *res judicata* in a subsequent action between the drivers.' Strong's North Carolina Index, Volume III, Judgments, Section 29, page 45, citing *Jenkins v. Fowler*, 247 N.C. 111, 100 S.E. 2d 234.

"It is equally true in such a factual situation, where the plaintiff recovers judgment against the original defendant, and the jury finds the additional defendant guilty of negligence and that such negligence concurred in jointly and proximately causing plaintiff's injuries and gives the original defendant a verdict for contribution pursuant to the provisions of G.S. 1-240, such judgment is *res judicata* in a subsequent action between such drivers, based on the same facts litigated in the cross-action in the former trial."

Since the additional party-defendant did not appeal, and there is no ruling in the court below on his motion to strike the amendment to the original defendant's answer, allowed 2 June 1964 and filed without verification, we are not called upon to rule on the merits of that motion. Even so, we call attention to what is stated in the case of *Calaway v. Harris*, 229 N.C. 117, 47 S.E. 2d 796: "True it is, the statute provides that when one pleading in a court of record is verified, every subsequent pleading in the same proceeding, except a demurrer, 'must be verified also.' G.S. 1-144. The requirement is one which may be waived, however, except in those cases where the form and substance of the verification is made an essential part of the pleading; as in an action for divorce in which a special form of affidavit is required. * * *

"Statutory provisions enacted for the benefit of a party litigant, as distinguished from those for the protection of the public, may be waived, expressly or by implication. * * * For instance, it is provided by G.S. 1-111, that in actions for the recovery of the possession of real property, the defendant, before he is permitted to plead, 'must execute and file' a defense bond, or in lieu thereof certificate and affi-

davit as provided by G.S. 1-112. While this requirement is in practically the same language as that respecting the verification of subsequent pleadings where one is verified, it is subject to be waived unless seasonably insisted upon by the plaintiff. * * *"

The above assignment of error is sustained, and as between the original defendant and the additional defendant there must be a new trial, and it is so ordered. *Stansel v. McIntyre,* 237 N.C. 148, 74 S.E. 2d 345; *Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269.

We find no error in the trial below that would warrant a new trial in plaintiff's action against the original defendant, and the judgment entered therein is affirmed.

New trial.