PATRICIA JOHNSON v. MARTHA HUGHES PETREE, DONALD GRAY PETREE AND ALEXANDER JOHNSON

No. 6919SC96

(Filed 26 February 1969)

**1. Appeal and Error § 6—   orders appealable — motion to strike**

   Although an appeal from an order striking allegations contained in the pleadings is generally not proper, an immediate appeal is available from an order granting a motion to strike which has the effect of sustaining a demurrer. Rule of Practice in the Court of Appeals No. 4(b).

**2. Appeal and Error § 2— matters reviewable — appeal from motion to strike**

Where appellants were entitled to immediate appeal from portions of trial court's order striking essential parts of their further answer which had the effect of sustaining a demurrer, the appeal also brought up for review other portions of the further answer.

**3. Pleadings § 42— striking of pleadings — irrelevant matter**

Irrelevant or redundant matter inserted in a pleading is subject to a motion to strike. G.S. 1-153.

**4. Pleadings § 41— striking of pleadings — definiteness of motion**

Where motion to strike paragraph of defendants' further answer is not directed to any specific allegation claimed to be redundant or irrelevant, the paragraph should not be stricken in its entirety if it contains any proper allegations relevant to the controversy.

**5. Pleadings § 42; Automobiles § 43— pleadings in accident case — insulating negligence — motion to strike**

The fact that the factual allegations supporting defendants' pleas of insulating negligence and sudden emergency might have been more concisely stated is not sufficient cause for a motion to strike.

**6. Automobiles § 21— sudden emergency doctrine**

A party cannot invoke the sudden emergency doctrine in exculpation of his own negligent conduct.

**7. Torts § 4; Automobiles § 43— Uniform Contribution Among Joint Tort-Feasors Act**

In an action, arising out of a three-car collision, against the drivers of two automobiles for injuries sustained by plaintiff who was a passenger in a third automobile, cross claim by one defendant against the other defendant for contribution pursuant to G.S. 1B-8(a) is not barred on the ground that plaintiff's present action is but a continuation of plaintiff's first action which was begun prior to January 1, 1968, the effective date of G.S. Ch. 1B, since plaintiff's voluntary nonsuit taken in the first action effectively terminated the original action and the present action was begun after January 1, 1968. G.S. Ch. 1B, G.S. 1-25.

**8. Torts § 4— Uniform Contribution Among Tort-Feasors Act — effective date**

The Uniform Contribution Among Tort-Feasors Act, G.S. Ch. 1B, does not apply to litigation pending on 1 January 1968. Session Laws of 1967, Ch. 847.

**9. Judgments § 36; Torts § 5— judgment in prior action as res judicata on right to contribution**

In an action, arising out of a three-car collision, against the drivers of two automobiles for injuries sustained by plaintiff who was a passenger in a third automobile, judgment obtained in another action by one defendant against the other defendant for damages incurred in the same accident is not *res judicata* on the first defendant's right to contribution in the

present case, where plaintiff passenger was not injured in the original collision between the two defendants but was injured in the subsequent collision which immediately followed.

APPEAL from *Crissman, J.,* 23 September 1968 Civil Session, Superior Court of RANDOLPH.

This is an action by the plaintiff to recover damages for personal injuries sustained in a three-car accident on 25 December 1965.

Plaintiff alleges the following facts:

On the date of this accident the plaintiff was riding in a car driven by her husband. They were traveling in a southerly direction on Flint Hill Road in Randolph County. The defendant, Alexander Johnson, was traveling just ahead of the automobile in which the plaintiff was riding and in the same direction. The defendant, Martha Hughes Petree, was driving north on Flint Hill Road at the same time. The car in which the plaintiff was riding stopped just behind Alexander Johnson so that he could make a left turn. As Alexander Johnson was making a left turn, the car driven by Martha Hughes Petree came over a hill and struck his vehicle in the side. The Petree automobile bounced off the vehicle driven by Alexander Johnson and struck the vehicle in which the plaintiff was riding.

Plaintiff alleges that the defendant Johnson was negligent in not keeping a proper lookout; in not keeping his vehicle under control; in failing to give the Petree automobile one-half of the traveled portion of the highway; in not ascertaining that his intended move could be made in safety; and in failing to give a signal of his intentions to turn.

It is alleged that Martha Hughes Petree was negligent in failing to keep a proper lookout; in not keeping her vehicle under control; in failing to reduce her speed when approaching a hill crest; in failing to reduce her speed to avoid colliding with the defendant Johnson; and that she operated her car at a speed greater than was reasonable and prudent under the existing circumstances. Donald Gray Petree, husband of Martha Hughes Petree, was made a defendant as owner of the Petree car.

The Petrees answered the plaintiff's allegations denying any acts of negligence. As a "further answer", they alleged that Alexander Johnson turned in front of the Petree automobile when it was so close that a collision could not be avoided; that Martha Hughes Petree applied her brakes but was unable to avoid hitting the vehicle driven by Alexander Johnson. In the alternative it was alleged that if Martha Hughes Petree should be found to have been negli-

gent, the negligence of Alexander Johnson was a new, independent, and wrongful act, and was the proximate cause of any injuries sustained by the plaintiff. This intervening and insulating negligence was pleaded as a bar to the plaintiff's recovery against the Petrees.

The Petrees also alleged in their "further answer" that a sudden emergency was created when Alexander Johnson pulled in front of the Petree automobile; that this sudden emergency was not contributed to by Martha Hughes Petree; and that she reacted as a reasonable and prudent person would do in such an emergency.

In a second "further answer" the Petrees filed a cross claim for contribution against the defendant Alexander Johnson.

In a third "further answer" the Petrees pleaded a judgment obtained by them at the 25 March 1968 Civil Session of Superior Court of Guilford County, against Alexander Johnson as being an adjudication of their right to contribution from Johnson. That judgment was affirmed by this Court in *Petree v. Johnson*, 2 N.C. App. 336, 163 S.E. 2d 87.

Upon the filing of answer by the Petrees, the defendant Alexander Johnson filed a demurrer to the cross claim against him; and the plaintiff filed a motion to strike all of the essential parts of the first "further answer", the entire cross claim against Alexander Johnson, and all of the allegations concerning the previous judgment. At the hearing on these motions the defendant Johnson withdrew his demurrer and adopted the plaintiff's motion to strike. Crissman, J., heard the matter, and on 12 October 1968 sustained the motion to strike in its entirety. Defendants Petree appeal from this order.

*Ottway Burton and Silas B. Casey for plaintiff appellee.*

*Sapp and Sapp by Armistead W. Sapp, Jr., for Alexander Johnson, defendant appellee.*

*Smith, Moore, Smith, Schell and Hunter by Stephen Millikin and Larry B. Sitton for Martha Hughes Petree and Donald Gray Petree, defendant appellants.*

MORRIS, J.

[1-4] Under our rules an appeal from an order striking allegations contained in the pleadings is generally not proper. If a party believes that such an order is prejudicial to him, he may petition this Court for a writ of *certiorari* within thirty days from the date of the entry of the order. Rule 4(b), Rules of Practice in the Court

of Appeals of North Carolina. "However when an order is entered allowing a motion to strike in its entirety a further answer or defense, or an order is entered allowing a motion to strike an entire cause of action set up in a pleading, the order amounts to the granting of a demurrer, and is immediately appealable." 1 Strong, N. C. Index 2d, Appeal and Error, § 6; *Sharpe v. Pugh,* 270 N.C. 598, 155 S.E. 2d 108. Since defendants Petree are entitled to immediate appeal from those portions of the court's order which have the effect of sustaining a demurrer, appellants' first assignment of error, based on exception taken to the court's granting appellee's motion to strike in its entirety, paragraph 1 of defendants Petree's further answer is also before us. *Sharpe v. Pugh, supra.* The paragraph stricken is a narrative account of their version of the collision. By the further answer, the defendants Petree contend that the accident resulted from the negligence of defendant Alexander Johnson. Following the paragraph stricken by the court are specific allegations of negligence on the part of defendant Johnson. Appellees contend that this narrative statement has no substantial relation to the controversy, is massively redundant, and was properly stricken. Under G.S. 1-153, irrelevant or redundant matter inserted in a pleading is subject to a motion to strike. Appellees did not direct their motion to any specific allegation claimed by them to be redundant or irrelevant to the controversy. Therefore, if the paragraph contained any proper allegations, it should not have been stricken in its entirety. While it may be conceded that the allegations might have been stated more succinctly, in our opinion the paragraph stricken does contain some proper allegations relevant to the controversy. This assignment of error is sustained.

Assignments of error Nos. 2 and 3 are addressed to the court's allowing a motion to strike the pleas of insulating negligence and sudden emergency. *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331, involved facts very similar to the present case. In that case defendant Burns turned his car directly in front of Hasty's car, the other defendant. Hasty's car struck Burns' car, bounced off, went across the road and struck the plaintiff who was standing beside the road. The question before the Court was whether Burns' negligence had intervened and insulated any prior negligence of Hasty so that Burns' negligence was the sole proximate cause of the plaintiff's injuries. There was evidence that Hasty was speeding prior to the original collision. Because of this, the Court held that Hasty's motion for nonsuit, based on the theory of insulating negligence, was properly denied. However, the Court makes it clear that this was a question for the jury and was to be considered in connection with

determining whose negligence was the proximate cause of the plaintiff's injuries.

[5] In the present case, plaintiff alleges certain specific acts of negligence by Martha Hughes Petree, among which is the allegation that she was operating her car at a speed greater than was reasonable and prudent under the existing circumstances. In the Petrees' answer these allegations are denied, and in their first "further answer" they allege facts which, if proven, would tend to show that they were not negligent and that plaintiff's injuries were caused solely by the negligence of defendant Johnson. It was error to strike the plea of insulating negligence from the Petrees' answer. Though the factual allegations may have been more concisely stated, this is not sufficient cause for striking them from the reply. *Barron v. Cain,* 216 N.C. 282, 4 S.E. 2d 618.

[6] Counsel for appellees concede that the defense of sudden emergency is available to defendants Petree if properly pleaded. They contend, however, that as pleaded here, it is redundant and repetitious and further that defendants Petree may not avail themselves of the plea of sudden emergency without admitting negligence. In support of this contention, appellees cite no authority. However, the rule is to the contrary. A party cannot invoke the sudden emergency doctrine in exculpation of his own negligent conduct. *Forga v. West,* 260 N.C. 182, 132 S.E. 2d 357; *Jones v. Horton,* 264 N.C. 549, 142 S.E. 2d 351; *Boykin v. Bissette,* 260 N.C. 295, 132 S.E. 2d 616. Appellees did not direct their motion to strike to any specific allegations which in their opinion might be redundant or repetitious, and the paragraph should not have been stricken in its entirety, if any part of the paragraph was proper. Defendants Petree are entitled to plead the doctrine of sudden emergency. Appellants' assignments of error Nos. 2 and 3 are sustained.

[7] Also, we think the court erred in striking the cross claim made by the Petrees against the other defendant, Alexander Johnson, for contribution. The plaintiff started an action to collect dammages for the injuries received in this same accident in September of 1966. That action was brought only against the Petrees. In their answer the Petrees had Alexander Johnson joined as an additional party defendant under the provisions of G.S. 1-240. On 18 July 1968, the plaintiff took a voluntary nonsuit in this action and, on the same date, started a new action. In this action, plaintiff joined the Petrees and Alexander Johnson as joint and concurrent tort-feasors. The appellees argue that the present action is only a continuation of the action started in 1966; therefore, G.S. 1B-8 would have no applica-

tion. They argue that G.S. 1-240 controls, and under *Greene v. Laboratories, Inc.*, 254 N.C. 680, 120 S.E. 2d 82, the cross claim against Alexander Johnson was improper because he was made an original party defendant.

**[8]**    G.S. 1B did not apply to litigation pending on 1 January 1968. Chapter 847, Session Laws 1967. However, it is our view that the present action was not pending on 1 January 1968. Appellees rely on G.S. 1-25, which allows a new action within one year after a judgment of nonsuit for their argument that the present action and the action started in 1966 are the same; therefore, the present action was pending on 1 January 1968.

Appellees do not seek the protection of G.S. 1-25 to allow a new action which would otherwise be barred by the applicable statute of limitations. The second action was brought within the time limited by the statute of limitations for the institution of the original action. They contend that the provisions of the statute are equally applicable to the situation here and make the second action merely a continuation of the first. They cite no authority for their position; nor do we find any decisions construing the statute to mean that a new action is a continuation of the first action for the purpose of determining whether a newly enacted statute is applicable to the new action. G.S. 1-25 provides:

> "If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited, or a judgment therein reversed on appeal, or is arrested, the plaintiff or, if he dies and the cause of action survives, his heir or representative may commence a new action within one year after such nonsuit, reversal, or arrest of judgment, if the costs in the original action have been paid by the plaintiff before the commencement of the new suit, unless the original suit was brought in forma pauperis."

In *Bourne v. R. R.*, 224 N.C. 444, 31 S.E. 2d 382, Barnhill, J. (later C.J.) wrote: "The words 'new action', 'new suit', and 'original suit' as used in this statute, G.S. 1-25, clearly import that a judgment of nonsuit terminates the original action. They indicate a difference in the two actions though the causes may be identical. *Cooper v. Crisco*, 201 N.C. 739, 161 S.E. 310. The distinction is observed in decisions referring to the causes of action in the respective suits, to a restatement of the same cause in the latter action, and to 'another action', 'second action', the 'former action', and a 'subsequent action'."

We note also the statement of the court in *Grimes v. Andrews*,

170 N.C. 515, 87 S.E. 341, referring to the same statute: "The provisions as to bringing a new action within one year after a nonsuit or dismissal, reversal, or other termination of the first suit, as prescribed in the statute, refers only to those cases where the statute of limitations is applicable, and would bar, but for this clause, which, if complied with, saves the cause of action."

It is also to be noted that in the original action Alexander Johnson was not an original defendant, and plaintiff did not seek recovery against him. In the second action, plaintiff made Alexander Johnson an original defendant, alleged negligence on his part, and prayed for recovery against him.

We are of the opinion and so hold that the cross claim of defendants Petree against Alexander Johnson was proper under G.S. 1B-8(a): "A joint tort-feasor who is a party to an action may file a cross claim for contribution or indemnity from any other joint tort-feasor who is a party."

**[9]** We now come to the plea of *res judicata* raised by the Petrees. In March of 1968 the Petrees obtained a judgment against Alexander Johnson for the injuries and property damage they received in this same accident. The defendants Petree now argue that this judgment should be used to establish their right to contribution if the jury should happen to find that they are liable to the present plaintiff and Alexander Johnson was not. The Petrees rely on *Stansel v. McIntyre*, 237 N.C. 148, 74 S.E. 2d 345; and *Sisk v. Perkins*, 264 N.C. 43, 140 S.E. 2d 753, for their argument that the judgment previously recovered by them against Alexander Johnson constitutes an adjudication of their right to contribution in this case. These cases present a fact situation in which there was a two-car collision and a passenger in one of the cars is suing the two drivers; or, the passenger sues one driver and the other driver is brought into the suit by way of a cross claim. In each case there had previously been an adjudication of the rights and liabilities of the two drivers to each other. The Court, in these cases, held that the previous judgment was *res judicata* on the issue of contribution. We note that in *Stansel v. McIntyre, supra,* and *Sisk v. Perkins, supra,* there were only two cars involved, and there was but one collision. In each case the plaintiff was a passenger in one of the two cars. Also, see *Hill v. Edwards*, 255 N.C. 615, 122 S.E. 2d 383; *Jenkins v. Fowler*, 247 N.C. 111, 100 S.E. 2d 234; and *Tarkington v. Printing Co.*, 230 N.C. 354, 53 S.E. 2d 269. It is difficult to imagine a situation, under these facts, in which a determination of the negligence of the drivers to each other, would not determine their right to contribution in a suit

brought by a passenger in one of the cars. In these cases, the issue of contribution and the issue of negligence between the two drivers in the first suit, depended exactly on the same facts. "There is no doubt that a final judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, wherever the existence of that fact is again in issue between them, not only *when the subject is the same,* but when the point comes incidentally in question in relation to a different matter, in the same or any other court." (Emphasis added.) *Stansel v. McIntyre, supra.*

We hold that the present case is distinguishable from the *Stansel* case and the *Sisk* case because the Petrees' right to contribution does not depend on the same facts that were involved in the previous action in which the Petrees recovered from Alexander Johnson. In the present case the plaintiff was riding in a third car. She was not injured in the original collision between Martha Hughes Petree and Alexander Johnson; her injuries were received in a second collision. Alexander Johnson can be liable for contribution only if his negligence was a proximate cause of this plaintiff's injuries. That question has not been determined. Granted, that the two collisions were close in time, and that the situation was such that Alexander Johnson may have reasonably foreseen that his actions in pulling in front of the Petree automobile would cause it to veer across the road and strike another car; however, that question is yet to be determined and until it is determined the Petrees' right to contribution remains undecided.

Reversed in part.

Affirmed in part.

CAMPBELL and BROCK, JJ., concur.