SANKEY L. BLANTON, PLAINTIFF v. ALLEN HOYT McLAWHORN, DEFENDANT AND LILLIAN H. BLANTON, ADDITIONAL DEFENDANT

No. 6910SC59

(Filed 19 November 1969)

1. **Pleadings § 32— motion to amend answer — discretion of trial court**

In an action for personal injuries arising out of an automobile accident, the trial court did not abuse its discretion in denying defendant's motion to be allowed to amend his answer in order to plead a prior judgment of nonsuit as *res judicata* on his cross action against the additional defendant for contribution, where (1) the motion was made more than two years after the original answer was filed and (2) allowance of the amendment under the circumstances of the case would have been at most of only limited value to the defendant.

2. **Judgments § 45— plea of res judicata — judgment of nonsuit — determination — hearing**

In determining whether a prior judgment of nonsuit operates as *res judicata* in a subsequent action, the trial court must defer a ruling on the plea until after all the evidence is presented upon the trial, since only then can it be determined if the evidence at the second trial was substantially the same as at the first.

3. **Judgments § 36— conclusiveness of judgment — parties concluded — principal**

A prior judgment establishing negligence on the part of an agent is not conclusive in a subsequent action against the principal.

APPEAL by defendant from *Hobgood, J.,* September 1968 Non-Jury Civil Session of WAKE Superior Court.

This is a civil action instituted on 21 April 1966 in which plaintiff seeks recovery of damages for personal injuries he suffered as result of an automobile collision which occurred on 25 November 1965 at the intersection of N.C. Highways Nos. 42 and 96. Plaintiff was a passenger in his wife's automobile which was being driven by her in a northerly direction on Highway No. 96. Defendant was driving his truck in an easterly direction on Highway No. 42. Plaintiff alleged that the collision between his wife's automobile and defendant's truck and the resulting injuries sustained by plaintiff were solely and proximately caused by the negligence of defendant in driving at an excessive speed and in other specified respects.

On 19 July 1966 defendant filed answer denying negligence on his part, and in a further answer and counter-claim alleged that at the time of the collision plaintiff's wife was acting as agent for the plaintiff and that certain specified negligent acts and omissions of the plaintiff's wife were the sole and proximate cause of the collision and of resulting injuries sustained by the defendant, for which defendant counterclaimed against the plaintiff. In a second further answer, defendant pleaded the contributory negligence of plaintiff's wife, acting as plaintiff's agent, as a defense. In a third further answer defendant alleged that plaintiff had himself been contributorily negligent in failing to keep a proper lookout on his own account. As a fourth further answer and defense and cross action, and in the alternative if it should be found that the wife was not agent of the plaintiff, defendant pleaded a cross action against the wife for contribution as a joint tort-feasor under G.S. 1-240. As a result of this cross action and on motion of defendant, order was entered 19 July 1966 making plaintiff's wife an additional party defendant. On 1 September 1966 the additional defendant filed answer to the cross action, denying negligence on her part and praying that the action be dismissed as to her.

On 6 August 1968, defendant filed a motion for permission to amend his answer so as to add thereto an additional further answer and defense as follows:

"1. That at the time of the institution of this action the additional defendant, Lillian Blanton, also instituted an action against this defendant for damages resulting from the collision complained of herein, and that this defendant filed answer and counterclaim and the case came on for trial at the December 4, 1967 Civil Session of the Superior Court of Wake County,

and at the conclusion of the evidence of the plaintiff in that action, who is the additional defendant herein, the court found as a matter of law that the plaintiff therein, the additional defendant herein, was negligent and that her negligence was a proximate cause of the collision and allowed the motion of this defendant for judgment as of nonsuit, whereupon, this defendant took a voluntary nonsuit on his counterclaim.

"2. That the plaintiff therein, the additional defendant herein, gave notice of appeal to the Supreme Court of North Carolina, but thereafter abandoned her appeal and consented to the entry of a judgment dismissing her action, which judgment was entered on the 10th day of June, 1968.

"3. That the final judgment entered as to the cause of action of the plaintiff therein, the additional defendant herein, Lillian Blanton, constituted between this defendant and the additional defendant, Lillian Blanton, an adjudication that Lillian Blanton was negligent and that her negligence was a proximate cause of the collision complained of by the plaintiff in this action and that as a result of such adjudication the original defendant herein is entitled, as a matter of law, to contribution from the additional defendant, Lillian Blanton, in the event that it should be found that this defendant was in anyway negligent, which is again expressly denied."

From order denying defendant's motion for permission to amend his answer, defendant appealed.

*Smith, Leach, Anderson & Dorsett, by Willis Smith, Jr., for defendant appellant.*

*Harris, Poe, Cheshire & Leager, by W. C. Harris, Jr., for additional defendant appellee.*

PARKER, J.

[1] Defendant appellant's only assignment of error is the denial of his motion to be allowed to amend his answer to plead the prior judgment as *res judicata* on his cross action against the additional defendant for contribution. The motion to amend was made on 6 August 1968, more than two years after the original answer was filed and long after the time for filing answer had expired. "After the time for answering a petition or complaint has expired, the respondent or defendant may not as a matter of right, file an amended answer. The right to amend after the time for answering has expired,

is addressed to the discretion of the court, and the decision thereon is not subject to review, except in case of manifest abuse." *Hardy v. Mayo,* 224 N.C. 558, 31 S.E. 2d 748. This well-established rule has been repeatedly announced and followed by our Supreme Court. *Vending Co. v. Turner,* 267 N.C. 576, 148 S.E. 2d 531, and cases cited therein.

Appellant contends nevertheless that he has been denied a right to which he was entitled as a matter of law, citing *Sisk v. Perkins,* 264 N.C. 43, 140 S.E. 2d 753. In that case, however, the defendant had been *allowed* to amend his cross action so as to plead the judgment in the parallel action as *res judicata* on the issue of the additional defendant's negligence, and the decision furnishes no support for appellant's contention in the case now before us that he is entitled to amend as a matter of right or that denial of his motion to amend was in this case an abuse of discretion.

**[1-3]** While the record does not disclose what factors were considered by the trial judge in exercising his discretion in the present case, we note that in *Sisk* the prior judgment pleaded as *res judicata* was based upon a jury verdict, while in the present case the prior judgment was a judgment of nonsuit. Therefore, even had the motion to amend been granted it would still be necessary to defer a ruling on the plea in bar until after all evidence is presented upon the trial, as only then could it be determined whether the evidence at the second trial was substantially the same as at the first. *Batson v. Laundry,* 206 N.C. 371, 174 S.E. 90. Furthermore, in the case before us, unlike the *Sisk* case, the defendant has pleaded, in his first and second further answers, that the additional defendant was acting as agent of the plaintiff, thereby seeking to hold plaintiff responsible for any negligence on the part of the additional defendant. Even if defendant's motion to amend had been granted and he should ultimately establish his defense of *res judicata* on the issue of the additional defendant's negligence, the plea of *res judicata* would be valid only in connection with his cross action for contribution against the additional defendant and could not be effective as against the plaintiff, since a prior judgment establishing negligence on the part of an agent is not conclusive in a subsequent action against the principal. *Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688; 46 Am. Jur. 2d, Judgments, § 569, p. 729. Therefore, allowance of the amendment in the present case would have been at most of only limited value to the defendant. In any event the record fails to

disclose any abuse of discretion on the part of the court in refusing to allow the motion to amend. The order appealed from is therefore Affirmed.

MALLARD, C.J. and BRITT, J., concur.