CHARLES E. CALLOWAY v. FORD MOTOR COMPANY AND MATTHEWS MOTORS, INC.

No. 7128SC171

(Filed 23 June 1971)

1. Pleadings § 32— amendment of answer after time for filing answer expires

The right to amend an answer after the time for filing answer has expired is addressed to the discretion of the court, and decision thereon is not subject to review except in case of manifest abuse.

2. Courts § 9— appeal from one superior court judge to another

No appeal lies from one superior court judge to another.

3. Courts § 9; Pleadings § 32— discretionary denial of motion to amend— authority of another judge to allow amendment

Where a superior court judge had, in his discretion, denied defendant's motion to amend its answer to plead the statute of limitations

after the time for filing answer had expired, another superior court judge could not thereafter allow the amendment.

Judge BROCK dissenting.

ON *certiorari* as a substitute for an appeal by defendant Matthews Motors, Inc. (Matthews), to review an order of *Ervin, Judge,* entered on 12 November 1970 in the Superior Court held in BUNCOMBE County.

This is a civil action instituted on 9 August 1968 to recover damages for personal injuries allegedly sustained by the plaintiff while operating an automobile manufactured by the defendant Ford Motor Company, and sold to the plaintiff's employer by the defendant Matthews.

On 8 November 1968, the defendant Matthews filed answer denying the material allegations of the complaint.

On 27 March 1970, the defendant Matthews moved to amend its answer by pleading the three-year statute of limitations in bar of the plaintiff's claim. Judge Hasty, on 4 May 1970, denied the motion to amend by an order which in pertinent part reads: "[T]he Court is of the opinion, in its discretion, that said Motion should be denied."

On 20 October 1970, Matthews again moved to amend its answer by pleading the statute of limitations in bar of plaintiff's claim, and by an order dated 12 November 1970, Judge Ervin denied the motion, stating in pertinent part: ". . . and it appearing to the Court that the Honorable Fred H. Hasty had by order dated May 4, 1970, denied an earlier motion of the defendant, Matthews Motors, Inc., to amend its answer to plead the three year statute of limitations in the exercise of his discretion; . . . that the undersigned is inclined to grant the motion of Matthews Motors, Inc. dated October 20, 1970, . . . but does not have the authority to exercise his discretion but must rule as a matter of law."

The defendant Matthews excepted to the order of Judge Ervin and gave notice of appeal to this Court.

No counsel for plaintiff appellee.

*Van Winkle, Buck, Wall, Starnes & Hyde by O. E. Starnes, Jr., for defendant appellant.*

HEDRICK, Judge.

When this case was called for argument in this Court, the defendant Matthews moved that its appeal be treated as a petition for *certiorari* to review the order of Judge Ervin. The petition for *certiorari* as a substitute for an appeal is allowed.

The question presented is whether Judge Ervin on 12 November 1970 was precluded as a matter of law from allowing the motion of the defendant Matthews to amend its answer by pleading the statute of limitations. The answer lies in a consideration of Judge Hasty's denial of the same motion on 4 May 1970.

[1] The complaint in this action was filed on 9 August 1968. The first motion to amend was filed on 27 March 1970, well after the time for filing answer had expired. In *Blanton v. McLawhorn,* 6 N.C. App. 576, 170 S.E. 2d 559 (1969), Parker, Judge, quoting with approval from *Hardy v. Mayo,* 224 N.C. 558, 31 S.E. 2d 748 (1944), stated: "After the time for answering a petition or complaint has expired, the respondent or defendant may not as a matter of right, file an amended answer. The right to amend after the time for answering has expired, is addressed to the discretion of the court, and the decision thereon is not subject to review, except in case of manifest abuse." This is equally true of a motion to amend by pleading the statute of limitations when the time for answering has expired. *Smith v. Smith,* 123 N.C. 229, 31 S.E. 471 (1898) ; *Balk v. Harris,* 130 N.C. 381, 41 S.E. 940 (1902).

If the appellant felt that Judge Hasty's order denying its motion to amend was erroneous, then relief should have been sought through the appellate courts. *Greene v. Laboratories, Inc.,* 254 N.C. 680, 120 S.E. 2d 82 (1961).

[2] The appellant excepted to Judge Hasty's order denying his motion to amend, but instead of seeking appellate review, he filed the same motion before Judge Ervin. It is a well settled principle of law that no appeal lies from one superior court judge to another. *In re Register,* 5 N.C. App. 29, 167 S.E. 2d 802 (1969) ; *Bank v. Hanner,* 268 N.C. 668, 151 S.E. 2d 579 (1966).

[3] Therefore, we hold that Judge Ervin was precluded as a matter of law from allowing appellant's motion to amend by

pleading the statute of limitations. The order of Judge Ervin is affirmed.

Affirmed.

Judge MORRIS concurs.

Judge BROCK dissents.

Judge BROCK dissenting.

The straight line approach of the majority opinion in this case brings forth principles of law with which I have no quarrel; however, there have been occurrences in this case which seem to me to create a situation which urgently demands relief. The Ford Motor Company filed its answer during the same month in 1968 in which Matthews Motors filed its answer. According to the record on appeal the matter was dormant until 27 March 1970 when Matthews Motors filed its motion for leave to amend its answer to allege the running of the statute of limitations. The motion of Matthews was denied by Judge Hasty on 4 May 1970 in the exercise of his discretion.

At this point the two defendants were on equal footing; neither of them had pleaded the running of the statute of limitations. However on 8 May 1970, the Ford Motor Company filed an amended answer alleging the running of the statute of limitations, the preamble to its amended answer reading as follows: "The defendant, Ford Motor Company, by leave of Court granted by the Honorable Fred H. Hasty, Judge holding the Courts of the 28th Judicial District, files its amended answer to the plaintiff's complaint as follows."

Thereafter on 14 May 1970 Matthews Motors filed an amended answer wherein it alleged the running of the statute of limitations. The preamble to the amended answer of Matthews Motors reads as follows: "The defendant, Matthews Motors, Inc., by leave of court granted by the Honorable Fred H. Hasty, Judge holding the Courts of the 28th Judicial District, files its amended answer to the plaintiff's complaint as follows."

On 20 May 1970 the plaintiff filed a motion to dismiss the amended answer of Matthews Motors upon the grounds that leave to amend had been denied by Judge Hasty. Judge Fate J.

Beal at the 22 June 1970 session allowed the motion to dismiss, and the portion of the amended answer of Matthews Motors which pleaded the statute of limitations was stricken.

On 5 November 1970 plaintiff filed a motion seeking to strike the amended answer of Ford Motor Company. This motion was heard by Judge Sam J. Ervin III on 5 November 1970 and was denied.

The situation at this point is that one co-defendant has been allowed to successfully amend its answer to plead the running of the statute of limitations and the other co-defendant has been denied a similar privilege. To add further impetus to my feeling that the circumstances urgently demand further consideration, the record on appeal discloses that on 5 November 1970 Judge Ervin granted summary judgment in favor of Ford Motor Company upon the grounds that the complaint affirmatively disclosed all facts necessary to establish the defendant Ford Motor Company's plea of the 3-year statute of limitations.

Defendant Matthews Motors, again filed a motion for leave to plead, as its co-defendant had been allowed to plead, the statute of limitations. On 12 November 1970, only seven days after granting summary judgment in favor of Ford Motor Company, Judge Ervin entered the order denying Matthews Motors' motion for leave to amend its answer to plead the statute of limitations. Judge Ervin's order states: ". . . that the undersigned is inclined to grant the motion of Matthews Motors, Inc. . . . so that said defendant can also allege the three year Statute of Limitations against plaintiff's claim, but does not have the authority to exercise his discretion but must rule as a matter of law." It is clear that Judge Ervin felt that the order entered by Judge Hasty and the order entered by Judge Beal were binding upon him as a matter of law.

However it seems to me that the circumstances had so changed since the entry of Judge Hasty's order and the entry of Judge Beal's order that Judge Ervin was authorized to act in his discretion to meet the exigencies of the case. "Interlocutory judgments or orders are under the control of the court and may be corrected or changed at any time before final judgment to meet the exigencies of the case." McIntosh, N. C. Practice 2d, § 1711. *Miller v. Justice,* 86 N.C. 26; *Maxwell v. Blair,* 95 N.C. 317.

Under the application of Matthews Motors, for the reason that its co-defendant had been permitted to plead the statute of limitations, it seems to me that Judge Ervin could modify the previous interlocutory orders and permit the amendment. This is particularly reasonable because it is clear that no rights of third parties would be prejudiced.

I would vote to reverse the order of Ervin, J. and allow Matthews Motors to amend its answer to allege the running of the statute of limitations. Whether it could succeed upon this plea is another matter.