IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1070

Filed 17 September 2024

Office of Administrative Hearings, No. 23 DHR 01604

DUKE UNIVERSITY HEALTH SYSTEM, INC., Petitioner,

v.

N.C. DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF HEALTH SERVICE REGULATION, HEALTHCARE PLANNING AND CERTIFICATE OF NEED SECTION, Respondent,

and

UNIVERSITY OF NORTH CAROLINA HOSPITALS AT CHAPEL HILL AND UNIVERSITY OF NORTH CAROLINA HEALTH CARE SYSTEM, Respondent-Intervenors.

Appeal by Petitioner from final decision entered on 21 July 2023 by Administrative Law Judge Melissa Owens Lassiter in the Office of Administrative Hearings. Heard in the Court of Appeals 14 August 2024.

*Baker, Donelson, Bearman, Caldwell & Berkowitz, a Professional Corporation, by Iain M. Stauffer and William F. Maddrey, for petitioner-appellee.*

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Derek L. Hunter, for respondent-appellant.*

*Nelson Mullins Riley & Scarborough LLP, by Lorin J. Lapidus, Noah H. Huffstetler, III, Candace S. Friel, and Nathaniel J. Pencook, for respondents-intervenors-appellants.*

MURPHY, Judge.

The failure of the North Carolina Department of Health and Human Services, Division of Health Service Regulation, Healthcare Planning and Certificate of Need

DUKE UNIV. HEALTH SYS., INC. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Section ("the Agency") to conduct a public hearing pursuant to N.C.G.S. § 131E-185(a1)(2) does not automatically constitute substantial prejudice to a petitioner in a contested case before the Office of Administrative Hearings. Here, where the Office of Administrative Hearings reasoned in its final decision that the Agency's failure to conduct a public hearing constituted *per se* substantial prejudice to the petitioner before it, we must vacate that final decision.

## BACKGROUND

Respondents University of North Carolina Hospitals at Chapel Hill, University of North Carolina Health Care System (collectively "UNC"), and the Agency appeal from a final decision of the Office of Administrative Hearings filed 21 July 2023. The decision pertained to a contested case between Petitioner Duke University Health System, Inc., and UNC to obtain a certificate of need to develop 68 acute care beds in the Durham/Caswell County service area pursuant to the 2022 State Medical Facilities Plan. The final decision, in relevant part, granted summary judgment in favor of Duke and vacated the underlying decision of the Agency conditionally approving UNC's certificate of need application, reasoning that (1) the Agency erred in failing to conduct a public hearing in accordance with N.C.G.S. § 131E-185(a1)(2),[1]

---

[1] N.C.G.S. § 131E-185(a1)(2) provides that, "[n]o more than 20 days from the conclusion of the written comment period [provided in N.C.G.S. § 131E-185(a1)(1)], the [Agency] shall ensure that a public hearing is conducted at a place within the appropriate service area if . . . the proponent proposes to spend five million dollars ($5,000,000[.00]) or more[.]" N.C.G.S. § 131E-185(a1)(2) (2023). There is no dispute in this case that the proposed project met the $5,000,000.00 threshold at which N.C.G.S. § 131E-185(a1)(2) requires a public hearing.

DUKE UNIV. HEALTH SYS., INC. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

notwithstanding any ongoing concerns relating to the COVID-19 pandemic at the time; and (2) the omission of a public hearing caused *per se* substantial prejudice to Duke within the meaning of N.C.G.S. § 150B-23(a).

## ANALYSIS

N.C.G.S. § 150B-23(a) provides, in relevant part, that "[a] contested case shall be commenced . . . by filing a petition with the Office of Administrative Hearings and[] . . . shall be conducted by that Office." N.C.G.S. § 150B-23(a) (2023).

> A petition shall . . . state facts tending to establish that the agency named as the respondent has deprived the petitioner of property, has ordered the petitioner to pay a fine or civil penalty, or has otherwise substantially prejudiced the petitioner's rights and that the agency did any of the following:
>
> (1) Exceeded its authority or jurisdiction.
> (2) Acted erroneously.
> (3) Failed to use proper procedure.
> (4) Acted arbitrarily or capriciously.
> (5) Failed to act as required by law or rule.

*Id.* When reviewing alleged legal errors by the Office of Administrative Hearings on appeal, we employ de novo review. N.C.G.S. § 150B-51(b)-(c) (2023).

Here, where Duke argued before the Office of Administrative Hearings that the Agency failed to use proper procedure, it was also required to show that the Agency "deprived [it] of property, [] ordered [it] to pay a fine or civil penalty, or [] otherwise substantially prejudiced [its] rights" to establish to the Office of Administrative Hearings that reversible error occurred before the Agency. N.C.G.S.

DUKE UNIV. HEALTH SYS., INC. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

§ 150B-23(a)(3) (2023). For the reasons discussed in two of our recent opinions, *Fletcher Hosp. Inc. v. N.C. Dep't of Health & Hum. Servs., Div. of Health Serv. Regul., Health Care Plan. & Certificate of Need Section*, 902 S.E.2d 1 (N.C. Ct. App. 2024) and *Henderson Cnty. Hosp. Corp. v. N.C. Dep't of Health & Hum. Servs.*, No. COA23-1037 (N.C. Ct. App. Aug. 6, 2024), although the Office of Administrative Hearings correctly held that the Agency failed to use proper procedure in omitting a public hearing despite any pandemic-related concerns, such an omission does not constitute substantial prejudice *per se* under N.C.G.S. § 150B-23(a).

Respondents also argue that waiver and estoppel prevented Duke from arguing before the ALJ that the Agency's failure to hold a hearing was improper, as Duke had itself utilized Agency proceedings without public hearings during the pandemic. However, our jurisdiction has long held that statutory rights in place for the benefit of the public—as opposed to for the personal benefit of the party—cannot be waived. *See, e.g.*, *Sisk v. Perkins*, 264 N.C. 43, 46 (1965) ("Statutory provisions enacted for the benefit of a party litigant, as distinguished from those for the protection of the public, may be waived, expressly or by implication."); *Calaway v. Harris*, 229 N.C. 117, 119 (1948) ("Statutory provisions enacted for the benefit of a party litigant, as distinguished from those for the protection of the public, may be waived, expressly or by implication."); *Holloman v. Holloman*, 127 N.C. 15, 16 (1900) ("[T]he [c]ourts cannot dispense with the requirement to file the affidavit. That requirement is for the good of the public at large, and not for the convenience or benefit of the parties to

DUKE UNIV. HEALTH SYS., INC. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

the action."). Jurists and academics alike have critiqued agency proceedings on the basis that they suffer from problems of democratic legitimacy, and the public hearing requirement of N.C.G.S. § 131E-185(a1)(2) exists, at least in significant part, to legitimize aspects of the agency review process that might otherwise be democratically suspect. *Cf. Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1929 n.13 (2020) (Thomas, J., concurring) ("[T]he notice and comment process at least attempts to provide a 'surrogate political process' that takes some of the sting out of the inherently undemocratic and unaccountable rulemaking process."). Public hearings under N.C.G.S. § 131E-185(a1)(2) are not, therefore, private benefits to their participants, but critical aspects of the agency review process that exist for public and systemic benefits.[2] Waiver therefore does not apply—and, for equivalent reasons, estoppel does not, either.

We therefore vacate the final decision and remand for further proceedings. *Fletcher*, 902 S.E.2d at 7. Our holding does not preclude a subsequent ruling that Duke was substantially prejudiced in the event more specific findings supporting such a ruling are found to exist on remand. *Id.* ("AdventHealth satisfied its burden of proof in showing Agency error, but it failed to forecast particularized evidence of substantial prejudice. Yet, our determination in this case should not be misconstrued. AdventHealth may ultimately satisfy its burden; it may not. The ALJ

---

[2] Indeed, one can imagine that the beneficial or detrimental effect of a public hearing for any particular party would be circumstantial rather than categorical.

DUKE UNIV. HEALTH SYS., INC. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

ruled on two specific issues that have been raised and briefed in this appeal: failure to conduct a public hearing under § 131E-185(a1)(2) and reversible error *per se.* We have resolved those specific issues. While this Court may address summary judgment on alternative grounds de novo, we deem this case an appropriate circumstance to remand for further proceedings not inconsistent with this opinion.").

## **CONCLUSION**

Failure to conduct a public hearing as required by N.C.G.S. § 131E-185(a1)(2), despite constituting improper procedure for purposes of N.C.G.S. § 150B-23(a)(3), does not automatically result in substantial prejudice to a petitioner before the Office of Administrative Hearings. We therefore vacate the final decision in this case and remand for further proceedings.

VACATED AND REMANDED.

Judges COLLINS and FLOOD concur.